## Pierce Steel Pile Corporation v. Flannery, Appellant.

Argued April 26, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Benjamin O. Frick,* for appellant.

*Harry A. Mackey,* with him *Carl H. Anderson* and *George C. Klauder,* for appellee, not heard.

PER CURIAM, May 22, 1933:

This is a proceeding to compel arbitration under the provisions of the Act of April 25, 1927, P. L. 381. Appellee, petitioner in the court below, entered into a written agreement with appellant to construct, as subcontractor, the foundations for the Lincoln-Liberty Building, Broad and Chestnut Streets, Philadelphia. Appellee proceeded with the work under the contract and has been paid approximately 90% of the agreed contract price, but has now presented a bill involving eight items, principally extra charges and claims alleged to have been necessary in the construction of the foundation. Upon appellant's refusal to pay the amount claimed, appellee presented its petition to the court below to compel appellant to proceed to arbitration according to the terms of the contract between the parties. The lower court granted petitioner's prayer; whereupon the present appeal was taken.

Paragraph 13 of the contract between the parties is as follows: "In case of any dispute or question between the parties hereto which shall arise under this contract, the same shall be submitted to two disinterested arbitrators, one to be appointed by each of the parties to this contract, and the arbitrators so chosen shall, if themselves unable to agree, choose a third party without unnecessary delay, and the decision in writing signed by those assenting thereto of any two of the arbitrators,

shall be final and binding on the parties hereto, and each of the parties hereto shall pay one-half of the expenses of such reference." It is apparent that, if the matter now in dispute between the parties is a claim arising under the contract, arbitrators should be appointed in accordance with the agreement. We have no difficulty in determining that the bill presented by appellee involves matters growing out of the provisions of the contract. Of the several items presented, one is for "additional cost of underpinning excavation on account of delay in removal of party walls adjacent to Widener Building." Another is "additional cost of pumping on account of delay in removal of party wall adjacent to Widener Building......" Whether these and other items set forth represent valid charges is not the question before us, but it clearly appears they are claims arising under the contract and should be submitted to arbitration.

The order of the court below is affirmed.