## Pierce Steel Pile Corporation *v.* Flannery, Appellant.

Argued April 26, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Benjamin O. Frick,* of *Evans, Bayard & Frick,* for appellant.

*Carl H. Anderson,* with him *Mackey & Klauder,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 29, 1935:

As we visualize the real situation brought to our attention by the defendant's appeals in this case its boundaries are very narrow. Did the court properly vacate an award of arbitrators because it was not final and definite as to the matters submitted? Incidental to the court's determination in this respect is the question whether the court properly confirmed the subsequent award.

At the outset of the discussion it is proper to observe that both parties were dissatisfied with the first award and both asked the court to modify it. The court, instead of modifying, vacated it for the reason given above and referred the controversy back to the arbitrators. The arbitrators made a second and definite award, which

the court confirmed. In disposing of the matter in the way we view it, it is not necessary to state the details of the controversy, but to comment upon only one feature of it.

The dispute to be arbitrated grew out of the erection by the parties to this litigation of part of a large building in the City of Philadelphia. The requirement to arbitrate was part of their written contract, which stipulated that the arbitration should be held in accordance with the Act of April 25, 1927, P. L. 381, 5 P. S., section 163.

Plaintiff was a subcontractor under appellant. In their written contract, plaintiff undertook to do certain waterproofing in connection with the erection of the substructure of the building. Defendant was under contract with the owner to do the work provided for in his contract with plaintiff, as well as other work. The specifications required that the contractor for the waterproofing should give a written guarantee.

The provision in the contract covering arbitration is as follows: "In case of any dispute or question between the parties hereto which shall arise under this contract, the same shall be submitted to two disinterested arbitrators, one to be appointed by each of the parties to this contract, and the arbitrators so chosen shall, if themselves unable to agree, choose a third without unnecessary delay, and the decision in writing signed by those assenting thereto of any two of the arbitrators, shall be final and binding on the parties hereto . . ."

After plaintiff had been paid approximately ninety per cent of the aggregate contract price, disputes arose between it and defendant, and plaintiff presented a petition to the court below to compel defendant to proceed to arbitration. The court made an order granting the prayer therefor, which we affirmed on appeal (Pierce Steel Pile Corp. v. Flannery, 312 Pa. 5). Thereupon arbitrators were chosen and the parties presented to them their respective claims. Hearings were held and

the arbitrators made a unanimous finding as follows: "The arbitrators find the contract to be in the sum of $500,000. The amount paid on account of contract, including cash and credits, is the sum of $446,850. The balance to the credit of the plaintiff is $53,150. The plaintiff shall, within 30 days, proceed with the repairs to the waterproofing: And shall furnish, within 30 days, to the defendant, a satisfactory guarantee of the waterproofing, which guarantee shall extend to November 18, 1941: And shall furnish, within 30 days, a maintenance bond for $100,000 guaranteeing the waterproofing until November 18, 1941, in a company satisfactory to the defendant, and the costs of the bond shall be paid by the defendant. When the plaintiff has made the substructure waterproof and furnished the guarantee and the maintenance bond, he shall be entitled to payment of this balance."

The plaintiff sought modification of this finding by requesting the court to strike out all portions which required it to give a guarantee, a maintenance bond and to complete the waterproofing of the substructure as conditions precedent to being paid the balance of the contract price. Upon defendant's claims against plaintiff, the arbitrators awarded the defendant certain sums. The award provided that these claims should be settled at the same time and under the same conditions as the award made to plaintiff. The defendant also filed a petition for modification, requesting that the arbitrators' awards on its claims be modified to make the awards immediately payable to it.

In disposing of the rules granted on these petitions, the court in its opinion said: "We are impressed by the argument that the award of the balance conditioned upon the doing of certain acts within thirty days is tantamount to a refusal of the claim for the balance in default of the doing of such acts within the time limit. Unless and until the condition is performed plaintiff is not to be entitled to recover. . . . The arbitrators

awarded a specific sum to plaintiff upon certain conditions. . . . The plaintiff was to have been entitled to payment on completion of the work directed by the arbitrators to be done. Thus, by the terms of the award, failure of the plaintiff to complete the work bars recovery, and upon such failure the defendant is relieved of liability for the amount of the award. . . . By providing that the awards upon defendant's claims be settled at the same time and under the same conditions as the award upon plaintiff's claim 1, we think the arbitrators placed plaintiff in a position which enabled it similarly to avoid its liability to defendant. This feature of the award makes plaintiff's liability to defendant subject to plaintiff's option. The award of the arbitrators on the defendant's claims [numbering them] is indefinite and inconclusive, in that it did not give rise to an immediate cause of action, and nothing the defendant can do would fulfill the conditions under which only he may acquire a right to demand the amounts awarded to him. The acts directed by the arbitrators to be done by plaintiff have not been done, and the time allowed therefor has expired; the arbitrators' decision makes no provision for payment of the awards to defendant on the happening of such a contingency as has occurred, and, now that it has come about, the award leaves the parties in statu quo through no fault of defendant. The arbitration by its own terms, as modified by subsequent events, vitiates the awards made upon defendant's claims. . . . The arbitrators have ordered that all awards be settled at the same time after fulfillment by plaintiff of the things required of it to be done. The entire award is thus infected by the error of the arbitrators in failing to provide for settlement in the event of plaintiff's default, and is therefore void in toto.

"The Arbitration Act of 1927, P. L. 381, provides in section 10 that the court 'shall make an order vacating the award upon the application of any party to the arbitration . . . (d) where the arbitrators exceeded their

powers or so imperfectly executed them that a final and definite award upon the subject-matter submitted was not made.' In substance, this paragraph is a restatement of the law, and is not a substantial modification thereof. It is true that neither party to this arbitration has made application specifically for an order vacating the award, but each has petitioned for relief of a comparable sort, and this we regard as tantamount to a specific application. . . . The award is not final and definite upon the matters submitted, and as there was specified in the submission no time limit for making the award, the matter will be returned to the arbitrators for rehearing and an award conclusive as to all matters contained in the submission. The award is therefore vacated, and a rehearing before the arbitrators is granted. The arbitrators will, on rehearing, make a final and definite award not inconsistent with the foregoing."

Thereafter the arbitrators held hearings and by a two to one decision awarded plaintiff $50,200.19 on its claim. It is contended by defendant that this award was improperly made, because nothing has been done by plaintiff to complete the work, or to comply with the other conditions fixed by the arbitrators in their first award, except the tender of a guarantee. Following this second award, defendant petitioned the court to vacate it and to confirm the first one; plaintiff requested confirmation of that finally made. The court did the latter.

It is the contention of appellant (defendant) that the arbitrators, by their first award having decided against plaintiff, could not by their subsequent award change their decision, as the contract between the parties providing for arbitration stipulated that the decision of the arbitrators shall be final and binding on the parties. For this proposition P. O. S. of A. Hall Assn. v. Hartford Fire Ins. Co., 305 Pa. 107, Pittsburgh Union Stock Yards Co. v. Pittsburgh Joint Stock Co., 309 Pa. 314, and Kingston Coal Co. v. Glen Alden Coal Co., 312 Pa. 546, are cited. We think on their facts these cases are

not comparable with the one at bar. It is manifest that the first award was not definite or final and was not one upon which a judgment at law could be entered because of the conditions which were attached to it. The statement in the contract that the decision of the arbitrators was to be final and binding could mean only a proper decision, that is, one which was definite and could be enforced. Our statement in P. O. S. of A. Hall Assn. v. Hartford Fire Ins. Co., supra, about not setting aside an award of arbitrators, was made with reference to the situation there existing in which there was an attempt to set aside the award on the testimony of one of the arbitrators. It is readily seen that there is no similarity between what was there proposed and what is now to be dealt with. It could not have been contemplated under the Arbitration Act that the submission could not be returned to the arbitrators for further action where their award was not legally competent.

Both sides complain that the award was not in proper form. The act provides that the court may modify and correct the award or resubmit the matter to the arbitrators under certain named conditions. We think these conditions are not necessarily all inclusive, and that where, as here, the arbitrators have not made a final and definite award, it is within the power of the court to return the case to them, as the court did, in order that they may make their award definite and final. Indeed, we think the act contemplates such action, in stating that the court may make an order vacating an award, "Where the arbitrators . . . so imperfectly executed [their powers] that a final and definite award upon the subject-matter submitted was not made."

It is also argued that the final award of the arbitrators disregards certain provisions of the contract in respect to guarantees of the waterproofing. The parties elected to submit their differences to arbitration. Even if the arbitrators did not measure the terms of the contract properly, that is not a sufficient ground to set aside their

finding: Kingston Coal Co. v. Glen Alden Coal Co., supra.

The effect of the final award in substance is that the acts required of appellee by the earlier award should not now be made a condition precedent to recovery by appellee. There was testimony before the arbitrators which might justify this finding. As was said in P. O. S. of A. Hall Assn. v. Hartford Fire Ins. Co., supra, page 116: "The general rule undoubtedly is that, unless restricted by the agreement of submission, arbitrators are the final judges of both law and fact, and an award will not be reviewed or set aside for mistake in either. And this is the reasonable view, for a contrary holding would mean that arbitration proceedings, instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally."

The defendant did not appeal from the order vacating the first award of the arbitrators which referred the case back to them for rehearing, and a motion was made to quash the appeal on this ground. An appeal, however, was taken from the order confirming the second award of the arbitrators. While technically there may be ground for the motion to quash, we prefer not to dispose of the case on this ground.

The parties elected to submit their disputes to arbitration. This method of trying issues of fact and law is now somewhat in fashion. It may well be that after other experiences such as the present litigants have had, it will be determined that the ancient method of trial in duly constituted courts of law is a more satisfactory way to settle controversies. This is for further experience to demonstrate.

The orders of the court below are affirmed at appellant's cost.