## Electric Power Construction Co., Appellant, *v.* Allen, Lane & Scott, Inc.

Argued April 16, 1951. Before STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Milton Berger,* with him *Thomas J. Mullaney,* for appellant.

*Edward H. Cushman,* with him *John Blakeley* and *Middleton, Blakeley & Richardson,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, May 21, 1951:

Electric Power Construction Co., appellant, petitioned the lower court for an order correcting an award of arbitrators favorable to Allen, Lane & Scott, Inc., appellee. Appeal is taken from the order of the court below dismissing the petition.

The dispute concerns appellant's claim for $24,-805.42 for work, labor, and materials allegedly furnished beyond the scope of a contract between the parties. Appellee, who had maintained a printing establishment in Philadelphia at 1211 Clover Street, was moving its plant to new quarters at 23rd and Market Streets. Electrical work was required in the new building to permit appellee to begin business there. Preliminary negotiations concerning the work contemplated took place between the parties in December, 1948, and, on the basis of conversations and plans, appellant submitted written estimates on the third and seventh of January, 1949. These culminated in a written contract on January 14th. Work was begun on January 19th.

The agreement provided that: (1) appellant was to do all the work and furnish and supply the labor and

materials; (2) no extra charge or claim should be made for any work done unless in accordance with a separate written and signed agreement specifically covering same; (3) the maximum sum to be paid by appellee under the contract was to be $44,171.00; (4) drawings, plans, and specifications complementing the agreement were to be drawn up by appellee's engineers and delivered to appellant; and, (5) arbitration was provided to settle all disputes arising under the contract.

The scope of the work was described in Schedule A of the contract as follows: "The said contractor undertakes, promises and agrees to do and perform, furnish and supply all of the labor and materials required in and about the performance of the work substantially as described in proposal of contractor to owner dated January 3, 1949, which said work will be more particularly described in specifications and drawings now in course of preparation by Maurice A. Webster and Robert C. Clarkson, Jr., Registered Engineers, and in accordance with General Conditions pages 1 to 7 inclusive initialed by the parties hereto. All of said work pertains to the alterations, rehabilitation and repair of the three story building situate and known as 2300 to 2312 Market Street, Philadelphia, Pennsylvania."

Schedule B established the contract maximum of $44,171.00 and provided that by the 20th day of each month appellee would pay 85 *per cent.* of the amounts of current monthly bills submitted by the contractor, appellant.

Appellee's printing machines were disconnected and removed from the old building and taken to the new building to be set in place and connected by an electrical wiring system. Changes were made in the locations of the machines in the new building before wiring was installed. Appellant contends that wiring in

the machines would not pass inspection and for that reason the machines were rewired. Appellant gave no notice to appellee that it considered this to be extra work, beyond the scope of the contract. After the work had progressed to a point where the contract maximum had been reached, a dispute arose as to the amount to be paid by appellee. The monthly progress payments of 85 *per cent.* of the current monthly billings were made beginning in January, 1949 through May, 1949, but appellee objected to the bills presented in June totaling $10,023.95, on the ground that such additional sum exceeded the contract maximum. In August appellant submitted a claim for $9,692.38 for extras, but appellee agreed to pay only $1,911.87 of this, leaving a total of $24,805.42 above the guaranteed price claimed by appellant.

Appellant contended that by virtue of the work done under the contract plus extras, it was entitled to payment of $70,483.29, whereas appellee claimed the guaranteed maximum of $44,171.00 plus some extras amounting to $1,911.87, or a total of $46,082.87 constituted its sole liability. Appellee had paid appellant $45,677.87, so that the latter's net claim was for $24,805.42. The determination of the validity of appellant's claim was submitted to arbitration by the parties in accordance with the contract and under the Arbitration Act of April 25, 1927, P. L. 381, No. 248, 5 PS §§161-181. The arbitrators awarded appellant the contract maximum of $44,171.00 plus $3,999.56 for extras. One of the three arbitrators dissented from the award.

Appellant contends the court below committed reversible error in dismissing the petition to correct the award of the arbitrators denying its claim for compensation for extra work. The Arbitration Act, supra, 5 PS §171, sets forth the grounds for modification or correction of an award. Section "d" provides that an award may be modified or corrected where it "is

against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict." It is appellant's contention that had a jury rendered a verdict the same as the award of the arbitrators, the court would have granted judgment *non obstante veredicto*. The questions of the scope of the contract, whether there was a breach of the contract, and whether appellee caused delays resulting in higher costs, were all determined favorably to appellee in the arbitration proceedings. It cannot now be said that a jury's determination of those issues favorably to appellee would be ground for the court to grant judgment *non obstante veredicto*. There was at least a reasonable doubt as to the correctness of appellant's claim. The contract provided for a maximum sum which would cover all the work. There was no new work ordered by appellee and no separate, written, signed contract covering any new work beyond the scope of the original contract. It appeared that at the time both parties treated the rewiring of the machines as part of the job covered by the original contract. Neither at the time appellant did the work, nor at the time the bills were presented to appellee for payment was there question raised as to whether such work exceeded the scope of the agreement.

The contract specifically provides that "It is understood and agreed that no extra charge or claim shall be made for any work done upon or for materials furnished or supplied for the said buildings, whether called for in this contract or not, unless an agreement with respect thereto shall have been first reduced to writing and signed by the parties hereto, and when extra work or materials are so ordered, the agreement in reference to the same shall be considered a separate and distinct contract, in no way altering or affecting the terms of this contract, but the amount agreed upon for

such extra work or materials shall be subject to the same terms and conditions (including the waiver of the right of lien) as have been made as to the payment of the original contract price, qualified as is set forth in Article 12 hereof." Appellant never received an order from appellee for any additional work, nor was there ever contemplated a written agreement for any new work.

From a careful reading of the record it cannot be said that appellee was not entitled to the award of the arbitrators. On a motion to vacate the award of arbitrators, every inference of fact should be drawn in favor of the contestant having the award. *Pennsylvania Turnpike Commission v. Smith*, 350 Pa. 355, 39 A. 2d 139. The general rule has been stated that unless their powers are limited by the agreement of submission, the arbitrators are the final judges of both the law and the fact, and their award will not be reviewed or set aside for a mistake of either. *Patriotic Order Sons of America Hall Association v. Hartford Fire Insurance Co.*, 305 Pa. 107, 157 A. 259; *Goldstein v. International Ladies' Garment Workers' Union*, 328 Pa. 385, 196 A. 43; *Pierce Steel Pile Corporation v. Flannery*, 319 Pa. 332, 179 A. 558; *Britex Waste Company v. Nathan Schwab & Sons, Inc.*, 139 Pa. Superior Ct. 474, 12 A. 2d 473. It does not appear that there was a mistake of law or fact. The arbitrators made an award based on a conclusion amply supported by evidence. From such an award there is no appeal to the courts. *Monongahela Navigation Company v. Fenlon*, 4 W. & S. 205; *Jonathan Clark & Sons Company v. Pittsburgh*, 217 Pa. 46, 66 A. 154; *Jackson v. McKeesport*, 305 Pa. 198, 157 A. 472.

We have considered all of appellant's contentions and find no reason for disturbing the findings and award of the arbitrators.

Order affirmed.