## Technical, etc., Employees v. United States Steel Company

Before Ellenbogen, Adams and O'Brien, JJ.

*Albert C. Shapira*, for petitioners.

*Nicholas Unkovic, John G. Wayman, Franklin L. Morgal* and *Reed, Smith, Shaw & McClay*, for respondent.

ELLENBOGEN, J., February 11, 1954.—Arbitration is the modern method of settling labor disputes. Arbitration agreements are instruments of peace. It is in the interest of the community, in the interest of the employes, and in the interest of the employers that arbitration agreements be carried out faithfully.

To sustain petitioner's appeal and vacate the arbitration award rendered in this case would seriously undermine the usefulness of agreements to arbitrate. The widespread acceptance of arbitration is indicated by a recent survey made by the American Arbitration Association. The preliminary data available from this survey indicates that in Pennsylvania, New Jersey, and New York arbitration clauses are written into 93 per cent of the collective bargaining agreements.

It is also worthy of note that as of 1945, modern arbitration statutes with fairly uniform provisions have been adopted by 15 States. There is also a Federal act applicable to interstate and foreign commerce. Pennsylvania's act was enacted in 1927.

The courts have evidenced great hospitality to the principle of arbitration. Judicial approval and encouragement are to be found in many of the reported opinions of our appellate courts.

The public interest requires that arbitration agreements be encouraged. Arbitration eliminates strikes and the disorders and disturbances of employer-employe relations attendant upon strikes. Disputes may speedily be disposed of by reference to arbitration, whereas that may not be possible in a court proceeding because of the crowded dockets.

For these and other reasons too many to enumerate, efforts to upset arbitration awards on unsubstantial and highly technical grounds should not be encouraged. To permit disappointed parties to appeal from an arbitration award to a court of law on flimsy grounds would be to deal a death blow to arbitration and flood the courts with appeals. Recognition of this danger undoubtedly prompted the legislature in enacting the Pennsylvania Arbitration Act of April 25, 1927, P. L. 381, 5 PS §§161, et seq., to limit the grounds of appeal from the arbitrator's award.

An arbitration agreement has the same binding force which is inherent in every contract. That includes the obligation to abide by the award of the arbitrator. Courts should not set aside arbitration awards except for substantial and compelling reasons.

Petitioner, an unincorporated labor organization, and respondent, a business corporation some of whose employes are represented by petitioner, agreed in writing that certain disputes therein specified be submitted to an impartial arbitrator for settlement. A hearing was held and an award was handed down by the arbitrator.

In his appeal petitioner alleges (1) that the arbitrator, without just and reasonable cause, refused to permit petitioner to file a post-hearing brief; (2) that the arbitrator did not properly consider or analyze the evidence in the case; (3) that because of the technical and complex nature of the case, and because of the refusal of the arbitrator to permit the filing of post-

hearing briefs, petitioner was denied a full and fair hearing and a full adjudication of the dispute, and the rights of petitioner were thereby prejudiced within the meaning of the Pennsylvania Arbitration Act of April 25, 1927, P. L. 381, 5 PS §§161, et seq. The prayer of the petition is that the court set aside the award of the arbitrator.

The court has been aided in its deliberations by the availability of the entire record, including the letter of submission to arbitration and the transcript of testimony given at the arbitration hearings, both of which were made a part of the petition of appeal. The letter of submission (the arbitration agreement), addressed to the arbitrator and signed by both parties, provides in pertinent part:

"The parties agree that the procedure to be followed in this arbitration is that the Company and the Union each submit two copies of a brief to you (the arbitrator) setting forth their respective positions on these cases. On receipt of the brief of both parties, you will forward one copy of the brief of each party to the other party. After you have had an opportunity to review said briefs, a hearing will be held before you at a time set by you, at which the Company and the Union will be given full opportunity to further present their respective positions, and subsequently you will render a decision based upon the facts developed on the premises, which decision shall be *final* and *binding* on both parties." (Italics supplied.)

The preliminary objections must be disposed of on the basis of the facts as averred in the petition of appeal and the exhibits attached thereto. Petitioner's contention that the arbitrator "did not properly consider or analyze the evidence" is not a proper ground for vacating the award because of the principle of law that "an arbitrator, in the absence of any agreement limiting his authority, is the final judge of both law

and fact, and his award will not be reviewed or set aside for mistake in either"; otherwise arbitration proceedings, instead of facilitating the settlement of controversies, would serve but to delay the final determination of the rights of the parties: Pierce Steel Pile Corporation v. Flannery, 319 Pa. 332, 339: Goldstein et al. v. International Ladies' Garment Workers Union et al., 328 Pa. 385, 389. See also Britex Waste Company, Ltd. v. Nathan Schwab & Sons, Inc., 139 Pa. Superior Ct. 474.

Petitioner's contentions "that the refusal of the arbitrator to accept a post-hearing brief constituted a denial of a full and fair hearing" and that the arbitrator "without just and reasonable cause, refused to permit petitioner to file a post-hearing brief", present the real question before us. That question may fairly be stated thus: Where the agreement of submission specifies the procedure to be followed but is silent on the question of the right to file post-hearing briefs, and where counsel for petitioners, at the hearing in the presence of his client, agreed that the arbitrator should rule on the question of filing such briefs and agreed to be bound by the ruling, does the refusal of the arbitrator to permit the filing of post-hearing briefs constitute grounds which warrant the court to set aside the arbitration award for misconduct?

The Arbitration Act of 1927 did not abrogate or displace arbitration under common law (Scholler Bros., Inc., v. Otto A. C. Hagen Corp., 158 Pa. Superior Ct. 170; Philadelphia Housing Authority v. Turner Construction Co., 343 Pa. 512), but provides a more effective remedy which is cumulative and not exclusive: Rosenbaum et al. v. Drucker et al., 346 Pa. 434; Isaac et al. v. Donegal and Conoy Mutual Fire Ins. Co., 301 Pa. 351. The act, expressive of the public policy of the Commonwealth, should be liberally construed so as to give effect to the intention of the parties to the

arbitration agreement to render the arbitrator's award conclusive.

It is at least doubtful whether the Arbitration Act has any application in this case. Section 1 of the act provides that a provision for arbitration in any written contract "except (in) a contract for personal services" shall be valid. In Retail Cigar, Drug and Luncheonette Employees Union, Local 1034, etc., v. Sun Ray Drug Co., 67 D. & C. 512, it was held that the act did not apply to contracts for personal services, whether or not such contracts are embodied in collective bargaining agreements. The same result was reached in Greyhound v. Associated Motor Coach Employees, 97 Pitts., L. J. 47. In Goldstein et al. v. Intl. Ladies' Garment Workers Union et al., 328 Pa. 385, 394, it was held that ". . . the enforcement of arbitration clauses in collective bargaining agreements, and of awards made thereunder, are not dependent upon any Act of Assembly."

Assuming, however, that the exception clause does not cover the contract here involved, and that the provisions of the Arbitration Act do apply, the statute contains no provision which would warrant the court to set aside the arbitration award under the facts as alleged by petitioner. Section 10 of the act enumerates the grounds on which an award may be vacated, as follows:

"(a) Where the award was procured by corruption, fraud, or undue means.

"(b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them.

"(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced.

"(d) Where the arbitrators exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made."

Subsections (a), (b), and (d) are not involved and need not be considered by us. Insofar as subsection (c) is concerned, there is here no allegation of a refusal to postpone a hearing or to hear evidence pertinent or material to the controversy, so that the first two clauses of subsection (c) have no application. Consequently, to sustain petitioner's position there must be an allegation of such facts as would render the arbitrator "guilty of any other misbehavior by which the rights" of petitioner "have been prejudiced".

The sole factual basis here alleged for vacating the award of the arbitrator is the allegation that he refused to accept post-hearing briefs. It is clear from the exhibits that he did so because he believed that he was not permitted to accept them. He based his belief on the fact that the procedure governing the arbitration was set out in detail in the agreement to arbitrate and no reference was made therein to post-hearing briefs.

It is our view that this was too narrow an interpretation of the agreement to arbitrate and the arbitrator had the right to accept post-hearing briefs. However, as already stated, questions of fact and of law determined in good faith by the arbitrator are binding upon us: Goldstein v. International Ladies' Garment Workers Union, 328 Pa. 385, 389; Britex Waste Company, Ltd. v. Nathan Schwab & Sons, Inc., 139 Pa. Superior Ct. 474. The record shows conclusively that this ruling was made by the arbitrator in good faith.

It is not at all unusual—indeed it happens every day in courts of law in every State of the Union—

that judges decline to accept post-hearing briefs and make an immediate decision. We have never heard of any charge of misconduct made because of the refusal to accept post-hearing briefs. The Pennsylvania arbitration statute does not make such action "misconduct".

Under the common-law rules governing arbitration, an award of an arbitrator is conclusive, and will not be set aside unless it can be shown that the parties were not given a hearing or that there was fraud, misconduct, corruption, or some other irregularity on the part of the arbitrators which caused them to render an unjust, inequitable or unconscionable award. The refusal of the arbitrator to accept post-hearing briefs, honestly arrived at, whether erroneously or correctly, does not fall under any of these categories.

The transcript shows that only after the evidence had been submitted did the question arise as to the right to file a post-hearing brief. An unsuccessful attempt was made by the arbitrator to secure accord on this point. Finally, the parties agreed to abide by the arbitrator's ruling, which ruling, with the reasons therefor, was handed down the next morning.

We are mindful of the law that on a motion to vacate an award of arbitrators, every inference of fact should be drawn in favor of the contestants having the award: Electric Power Construction Company v. Allen, Lane and Scott, Inc., 361 Pa. 319, 324.

After a careful review of the complete record and exhibits in this case and after examination of the arguments of able counsel, we are not persuaded that there exists any basis, either under the Arbitration Act of 1927, or under the common law, to justify the vacating of the arbitrator's award.

In the disposition of this case we are not influenced by the fact that, as the record reveals, counsel for petitioner agreed during the arbitration hearing to

abide by the decision of the arbitrator on the question whether, under the arbitration agreement, post-hearing briefs were proper.

The demurrer must be sustained.