**4**

LaVALE PLAZA, INC., a New York
Corporation, Plaintiff,

v.

R. S. NOONAN, INC., a Pennsylvania
Corporation, Defendant.
Civ. A. No. 8392.

United States District Court
M. D. Pennsylvania.
Sept. 12, 1966.

Cohen, Shapiro, Berger & Cohen, Phil-
adelphia, Pa., Liverant, Senft & Cohen,
York, Pa., for plaintiff.

Henry W. A. Hanson, Jr., John H.
Bream, Harrisburg, Pa., Markowitz, Ka-
gen & Griffith, York, Pa., for defendant.

MEMORANDUM

FOLLMER, District Judge.

The action in this case concerns the interpretation of an award made by the American Arbitration Association on December 10, 1963. Before the arbitration, LaVale Plaza, Inc. (hereinafter referred to as LaVale) deposited the sum of $56,429.66 in the account of R. S. Noonan, Inc. (hereinafter referred to as Noonan). The arbitrators' award stated that LaVale and one Wylie F. L. Tuttle (hereinafter referred to as Tuttle) were to pay Noonan the sum of $30,861.64. LaVale contends this award was to come out of the $56,429.66 deposit and that Noonan owes it $25,568.02. Noonan contends that the award of $30,861.64 was in addition to the deposited sum of $56,-429.66. Thus the simple issue in this action is merely whether the award was to come out of the deposit or was in addition to the deposit.

The defendant, Noonan, moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on two grounds, namely; (1) That the entire controversy was resolved by the award of the arbitrators, and (2) That since the award was jointly against LaVale and Tuttle, that Tuttle is an indispensable party, and that Tuttle, a New York resident, is not within the jurisdiction of this Court. An oral argument has been held on this motion and briefs and affidavits have been filed. It is this motion which is currently before this Court.

The basic issue which has been raised is whether the entire controversy has been resolved by the award of the arbitrators. Noonan claims that since the award states, *inter alia*, "This Award is in full settlement of all claims submitted to this arbitration one against the other", that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

█ █ In Consolidated Electric Co. v. United States, 355 F.2d 437, 438 (9th Cir. 1966), it is stated that summary judgment "should be rendered, upon motion, only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed.R.Civ.P. 56(c). If, viewing the evidence as a whole and the inferences which may be drawn therefrom in the light most favorable to the party opposing the motion, we can see that there is no genuine issue of fact, then the granting of a motion for summary judgment should be sustained."

█ Many affidavits have been submitted by both parties in regard to the instant motion. A perusal of the record shows clearly that there is a sharp clash as to the conditions under which the deposit was made and arbitration was entered into and thus a conflict as to the meaning of the arbitrators' award. This is the basic issue in this action. Noonan has failed to show that there is no genuine issue as to any material fact and thus the motion for summary judgment, on this ground, must be denied. Young v. Atlantic Mutual Insurance Co., 38 F.R.D. 416, 417 (E.D.Pa.1965).

In the contract between the two parties to this action, Article 40 relates to arbitration. Article 40 states:

"All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the American Arbitration Association and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. * * *"

The clause states that the arbitration agreement is to be enforceable under the "prevailing arbitration law." The

prevailing law is that of Pennsylvania, and the Arbitration Act of 1927 is applicable. See 5 P.S. § 161.

█ Under 5 P.S. § 171, a court may resubmit an award to the arbitrators to correct or modify the award. In the instant case, the only problem is the interpretation of the award. The controversy actually is over the form of the award rather than its substance. Unfortunately, the adjudication was not sufficiently clear as to the role the deposit played. It seems crystal clear that the logical and just result is to resubmit the award to the arbitrators for clarification. This would settle the matter in the best and most efficient manner. It is true that there has not been an application specifically for an order to resubmit the award to the arbitrators, but the whole controversy, starting with the filing of the Complaint on February 18, 1964, is tantamount to such an application. See Pierce Steel Pile Corporation v. Flannery, 319 Pa. 332, 337, 179 A. 558, 104 A.L.R. 706 (1935). The award will therefore be returned to the arbitrators for a clarification as to the relation of the deposit of $56,429.66 and the award of $30,861.64. This will prevent further delay in adjudication and will avoid further litigation in accordance with the general purposes of arbitration, which was obviously the intent of the parties in the first place.

█ The second issue is whether Tuttle is an indispensable party without whom the action should not proceed under Rule 19 of the Federal Rules of Civil Procedure. This Court will apply Rule 19 as amended since the new Rule 19 was effective as of July 1, 1966, " * * * in all further proceedings in actions then pending."

Rule 19(a) defines the persons whose joinder is desirable. However, the joinder refers to persons who are subject to service of process by the Court. Since Tuttle is a resident of New York, he is not subject to service of process of this Court. Thus it is not feasible to join Tuttle as a party.

Rule 19(b) states that when persons described in Rule 19(a) (1)–(2) cannot be made a party, the Court is to determine whether in equity and good conscience the action should proceed between the parties already before it, or should be dismissed. Four relevant factors are set out for this determination.

Since the arbitration award was rendered jointly against the plaintiff, LaVale, and Tuttle there is no question but that he is in the class of persons referred to in 19(a). Thus the Court must make a determination whether the action should proceed with the present parties, or should be dismissed.

The factors are discussed in the Advisory Committee's Note following Rule 19. The first factor is "to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties." In light of this Court's decision to resubmit the award to the arbitrators only for the purpose of clarification of their award, Tuttle will not be adversely affected in a practical sense. The award has been made. Regardless of the outcome, the arbitrators will only be telling the parties what the award means, they will not be changing it. Tuttle's liability has been determined. The controversy here relates to the part that LaVale's deposit played in the arbitration.

The second factor to be considered is "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided." Since it is imposssible to determine that any real prejudice will result, this factor is inapplicable in this instance.

The third factor is "whether a judgment rendered in the person's absence will be adequate." A judgment ordering the arbitrators to clarify their award will adequately serve the interests of the parties before this Court. The whole

controversy is over what is *meant* by the award. Clarification should resolve this issue.

The fourth factor is "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Apparently the arbitrators do not feel they can open the award. Although it does appear that the plaintiff would have an adequate remedy if the action were dismissed, the other factors clearly show the folly of this. The whole purpose of arbitration is to avoid litigation. To dismiss this action would promote litigation. Returning the award to the arbitrators should result in a definite and clear settlement of the issue by the very people whose intentions are questioned. Thus the action will not be dismissed because Tuttle is not a party.

Accordingly, the defendant's motion for summary judgment will be denied and the award will be resubmitted to the arbitrators for clarification in accordance with this Memorandum.