**Reisman v. Ranoel Realty Company**

*Richard B. Sigmond*, for plaintiff.

*David H. Marion*, for defendant.

HIRSH, J., July 25, 1972.—This case arises on a writ of certiorari to review an order of the court confirming an award of arbitrators in favor of plaintiff. In June 1966, plaintiff, a former officer of defendant, and defendant, a Pennsylvania corporation, entered into an agreement wherein plaintiff was to construct two apartment buildings for defendant for a sum not

to exceed $475,000 under the terms and conditions of a written contract. Upon completion of the construction and after failing to negotiate a settlement with defendant, plaintiff instituted an action in assumpsit, claiming that defendant had failed to pay for additional work and materials provided by plaintiff at defendant's request and that defendant had failed to reimburse plaintiff for cash advances made to defendant. After a default judgment, taken by plaintiff, had been stricken on defendant's motion, the parties stipulated that the dispute would proceed to arbitration pursuant to the Pennsylvania Arbitration Act of April 25, 1927, P. L. 381, 5 PS §161, et seq.

On October 30, 1968, plaintiff filed a demand for arbitration with the American Arbitration Association; defendant on November 15, 1968, filed its answer and counterclaim, alleging damages for plaintiff's breach of contract, conversion, fraud and breach of fiduciary relationship. Pursuant to the rules of the association, a panel of three prominent experts in the construction industry was selected. On May 7, 1969, an initial hearing was held at which the arbitrators heard testimony from plaintiff and from Howard Kraznov, architect, a defense witness. At the conclusion of the hearing, both parties agreed to submit detailed briefs which would contain their respective positions and include by way of document and affidavit all evidence which each party intended to introduce.

Thereafter, both parties submitted lengthy briefs; in its brief, defendant asserted its counterclaim as set forth above. At a reconvened hearing on September 10, 1970, it was agreed by the parties to give plaintiff until September 24, 1970, to submit a rebuttal brief to defendant's counterclaim. Defendant's request to submit a reply brief to plaintiff's rebuttal was denied

by the arbitrators. It was further agreed that upon receipt of plaintiff's rebuttal brief, the arbitrators would declare the hearing closed, unless they determined that an additional hearing was necessary. Plaintiff submitted his brief on September 23, 1970. On September 28, 1970, defendant requested that the hearings be reopened; plaintiff opposed this request. The arbitrators declared the hearings closed as of December 9, 1970.

On March 8, 1971, the arbitrators awarded plaintiff $50,000 and denied defendant's counterclaim in its entirety. Defendant now moves to vacate the award of arbitrators, claiming that the arbitrators refused to hear pertinent evidence, denied a hearing to defendant and made an arbitrary and capricious award, grossly against the law. Plaintiff in response, moves to confirm the award.

Under the Pennsylvania Arbitration Act of 1927, there are four grounds upon which an award shall be vacated:

"(a) Where the award was procured by corruption, fraud or undue means.

"(b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them.

"(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced.

"(d) Where the arbitrators exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made": Act of April 25, 1927, P. L. 381, (No. 248), sec. 10; 5 PS §170.

Defendant neither alleges nor attempts to prove

fraud, partiality or corruption on the part of the arbitrators under (a) or (b) of section 10. Rather, in proceedings under (c) and (d) of section 10, defendant is contending that in refusing to reopen the hearing and allow defendant the opportunity to present further proof and testimony by additional witnesses and to further examine plaintiff, the arbitrators were guilty of misconduct and imperfect execution of their powers. Because of this misconduct, defendant contends that the award was arbitrary, capricious and against the law and, as such, can be vacated under section 10 of the act or corrected under section 11, 5 PS §171.

It is clear that at the hearing of September 10, 1970, the parties agreed that the cases of both sides had been presented by their briefs and that neither side had any further testimony it wished to offer. The parties agreed further that the decision to reopen the hearings to take further testimony if necessary, or to declare the hearing closed, should be left solely to the discretion of the arbitrators. This agreement is embodied in the letter dated September 11, 1970, of the American Arbitration Association. Section 34 of Commercial Arbitration Rules of the American Arbitration Association states, in part:

"The Arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies, the Arbitrator shall declare the hearings closed and a minute thereof shall be recorded. *If briefs are to be filed, the hearings shall be declared closed as of the final date set by the Arbitrator for the receipt of briefs.*" (Italics supplied.)

The agreement of September 11, 1970, clearly demonstrates that the only matter left open after the September 10th hearing was the submission by plain-

tiff of his rebuttal brief. There is no mention in the agreement of the taking of further testimony or the presentation of additional evidence by defendant. Upon receipt of plaintiff's brief on or before September 23, 1970, the arbitrators *alone* were to decide whether to declare the hearings closed or to hold an additional hearing. Therefore, in declaring the hearing closed as of December 9, 1970, (the delay in closing caused by defendant's own untimely objection to the closing), the arbitrators were acting properly and within their authority as defined by the September 11, 1970, agreement and section 34 of the Commercial Arbitration Rules.

The burden is upon one alleging misconduct of arbitrators to show by adequate and convincing proof, some specific act or acts of misbehavior or corruption by which the rights of a party have been prejudiced: Woodland Gardens v. Murphy, Quigley & Co., 33 Del. 334 (1945). On a motion to vacate an award of arbitrators, every inference of fact should be drawn in favor of the contestant having the award: Electric Power Construction Co. v. Allen, Lane & Scott, 367 Pa. 319 (1951). Defendant has failed to meet the burden of proof; it has not shown that the arbitrators, in declaring the hearing closed, were guilty of misconduct or acted improperly to deny defendant a hearing. Moreover, arbitrators, unless their authority is limited by agreement of submission, are judges at both law and fact and their award will not be reviewed or set aside for mistake in either: Wark & Company v. Twelfth & Sansom Corporation, 378 Pa. 578 (1954). Since defendant has not proved any one of the four grounds for vacating an award contained in section 10 of the Arbitration Act of 1927, his motion to vacate cannot be granted. Therefore, under the provisions of the Arbitration Act of April 25, 1927,

P. L. 381 (No. 248) sec. 9, 5 PS §169, plaintiff's motion to confirm the award must be granted and judgment must be entered against defendant pursuant to section 12 of the foregoing act; 5 PS §172.

Therefore, it is accordingly ordered that plaintiff's motion to confirm the award of arbitrators is granted. Judgment against defendant is entered pursuant to the provisions of the Arbitration Act of 1927.