## McINNISH v. LANIER. (5 Div. 952.)

(Supreme Court of Alabama. June 30, 1926.)

### 1. Arbitration and award ⬅═12.

Parol agreement to submit to arbitrators agreed upon matters not required to be evidenced by writing, followed by hearing, decision by arbitrators, and announcement of decision, is good common-law award.

### 2. Arbitration and award ⬅═59.

Award must be final determination of matters submitted, and if further action of judicial nature remains to be had by arbitrators, there is no award.

### 3. Appeal and error ⬅═1011(1).

Trial court's finding on conflicting evidence on fact of binding arbitration and award *held* conclusive, particularly where bill of exceptions did not recite that it contained all evidence.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Action by L. E. Lanier against W. J. McInnish. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Holley & Milner, of Wetumpka, for appellant.

An award made pursuant to an agreement of submission to arbitration is final and conclusive in absence of fraud, and may be pleaded in bar of subsequent suit. Gardner v. Newman, 135 Ala. 522, 33 So. 179. An award in form of an opinion may be sufficient. Williams v. Paschall, 4 Dall. (Pa.) 284, 1 L. Ed. 835; Matson v. Trower, R. & M. 17. The statute does not abrogate common-law arbitration. Brewer v. Bain, 60 Ala. 153; Payne v. Crawford, 97 Ala. 604, 11 So. 725. All intendments will be indulged in favor of the award. Reynolds v. Reynolds, 15 Ala. 398; Gandy v. Tippett, 155 Ala. 296, 46 So. 463.

Tate & Reneau, of Wetumpka, for appellee.

An agreement to submit to arbitration, not consummated, is no bar to a suit at law or in equity. 3 Cyc. 607. The trial court's decision on a question of fact will not be reversed on appeal, unless contrary to the decided weight of the evidence. Bogan v. Daughdrill, 51 Ala. 312.

BOULDIN, J. The suit is in assumpsit on the common counts. Among the pleas interposed in bar was an arbitration and award upon the matter in suit.

[1] An agreement by parol to submit to arbitrators agreed upon by the parties matters not required by law to be evidenced by writing, followed by a hearing of the evidence offered by the parties, a present decision by the arbitrators upon the matters submitted, and the verbal announcement of such decision to the parties, is a good common-law award. Byrd v. Odem, 9 Ala. 755, 766.

[2] The award must be a final determination of the matters submitted. If any further action of a judicial nature remains to be had by the arbitrators there is no award. McCrary v. Harrison, 36 Ala. 577; Mason v. Bullock, 6 Ala. App. 141, 60 So. 432.

[3] There is evidence tending to show that upon a hearing and presentation of all the evidence the parties then proposed to adduce, the arbitrators did agree and announce their decision intended as a final award concluding and closing the matter. It cannot be said, however, the evidence was without conflict on this point. From one view of the evidence, it may be inferred the announcement by the arbitrators was merely tentative, and the matter was left open for further hearing or further consideration by them, which was never resumed.

The cause was heard on oral testimony by the trial judge. His decision is accorded the weight of the verdict of a jury. Moreover, the bill of exceptions nowhere recites, "this was all the evidence," or words of like import.

The trial court cannot be put in error in his decision upon the weight of the evidence in such state of the record.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

━━━━━━

(109 So. 758)

## Sam McBAY v. STATE. (8 Div. 894.)

(Supreme Court of Alabama. Sept. 28, 1926.)

Certiorari to Court of Appeals.

For opinion below, see 21 Ala. App. 471, 109 So. 757.

B. T. Dougherty and R. B. Patton, both of Athens, for petitioner.

Harwell G. Davis, Atty. Gen., for the State.

PER CURIAM. Application dismissed by petitioner.

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes