JUNTA DE RELACIONES DEL TRABAJO, peticionaria, *v.* CROSS CONSTRUCTION CORP., demandada.

*Número:* JRT-63-15      *Resuelto:* 15 de enero de 1964

*J. B. Fernández Badillo, Procurador General, Orlando Grau* y *Marta Ramírez de Vera,* abogados de la peticionaria; *R. Hernández Colón,* abogado de la demandada.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

---

PER CURIAM: La corporación Cross Construction Corp. y el Sindicato de Trabajadores Packinghouse, Local 924, AFL-CIO, sometieron a arbitraje la interpretación de una cláusula del convenio colectivo que regía sus relaciones obrero-patronales relativa al pago de ciertas aportaciones al fondo de beneficencia. (1) El acuerdo de sumisión leía: "Determinar si la Compañía de acuerdo con la cláusula once (11) del convenio colectivo vigente, viene obligada o no a pagar una alegada suma de dinero que por concepto de beneficencia la Unión reclama se haga efectiva." Celebrada la vista correspondiente el árbitro emitió un laudo favorable a la Unión, determinando que "La compañía viene obligada a hacer efectiva la suma de dinero que adeuda a la Unión contratante por concepto de beneficencia de conformidad con el convenio colectivo en vigor."

Dentro de la solicitud formulada por la Junta de Relaciones del Trabajo para que se ordene a la corporación mencionada a cumplir el laudo emitido por el árbitro, concedimos término a ésta para que expusiera las razones que tuviera por las cuales no deba accederse a lo solicitado, y al efecto presentó un escrito en el cual afirma que "reconoce sus obligaciones contractuales y las que le son impuestas por el referido laudo, sin embargo, entiende que la cantidad específica que pueda estarle adeudando a la Unión no fue determinada en el referido laudo, por lo que dicho laudo no puede ponerse en vigor en el sentido de obligar a esta compareciente a pagar a

---

(1)

"SECURITY PLAN FOR THE BENEFIT OF THE EMPLOYMENT (sic) AND HIS FAMILY

"The employer agree (sic) to establish a security plan for the benefit of the workers and his family, who live under the same roof. For the creation of his (sic) plan the employer will give $2,500.00 payable in 30 days from the signing of the contract and will continue giving three (3) cents per hour every worker, for the benefit plan, starting on the week commencing October 25, 1961. The employer agrees to send the money of the employees dues and benefit plan to the Union, weekly."

la Unión cualquier cantidad que dicha Unión pueda reclamar."

De la relación de hechos surge claramente que el árbitro se ciñó a resolver la cuestión que le fue sometida. Todo cuanto resta es hacer unos sencillos cálculos matemáticos siguiendo la fórmula acordada por las partes en el convenio, pues expresamente el laudo determina que la obligación de la compañía se limita a hacer efectiva la suma que se adeuda por concepto de aportación al fondo de beneficencia "de conformidad con el convenio colectivo en vigor." Esta operación subsiguiente no impide que ordenemos el cumplimiento del laudo. Si surgiere alguna diferencia entre las partes sobre este aspecto del cumplimiento, la ley y el convenio proveen los mecanismos adecuados para dilucidarla.(2)

*In re Rosenzweig*, 54 L.R.R.M. 2392 (1963), envolvía una cuestión similar. Al árbitro allí designado se le sometió únicamente para su determinación la cuestión relacionada con la violación del convenio por un patrono al descontinuar el pago de unas bonificaciones anuales a ciertos empleados. Emitido laudo afirmativo, el patrono alegó que éste era vago e indefinido por no especificar las cantidades que correspondían a cada empleado. Al rechazar tal posición, el tribunal indicó que el laudo era completo y todo cuanto restaba era una simple operación matemática. Cf. *J.R.T.* v. *Caribbean Container Co.*, 89 D.P.R. 742 (1964); *Steelworkers* v. *Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960); *States Marine Lines* v. *Crooks*, 53 L.R.R.M. 2398.

*Se dictará sentencia ordenando a la demandada que cumpla con el laudo emitido en 17 de mayo de 1963.*

---

(2) En el futuro tal vez sería conveniente que para evitar demoras innecesarias, el acuerdo de sumisión contenga una autorización expresa para que el árbitro fije cualquier cantidad que se adeude con motivo del laudo.