JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, demandante y peticionaria, *v.* OTIS ELEVATOR COMPANY, demandada.

*Número:* O-75-590        *Resuelto:* 20 de septiembre de 1976

Art. 10(g) "Causas que motivan la resolución del contrato de opción por parte del urbanizador o constructor:

(1) . . . . . . .

196

*Federico Díaz Ortiz, Richard V. Pereira* y *José Velaz Ortiz,* abogados de la peticionaria; *Nigaglioni, Palou & Ledesma,* abogados de la demandada.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

La Junta de Relaciones del Trabajo de Puerto Rico acude ante nos amparada bajo la Ley de Relaciones del Trabajo de

Puerto Rico, 29 L.P.R.A. sec. 61 *et seq.*, solicitando que se ponga en vigor un laudo de arbitraje rendido contra el patrono Otis Elevator Company por un árbitro del Negociado de Conciliación y Arbitraje del Departamento del Trabajo de Puerto Rico. Dictamos una orden dirigida al patrono para que mostrara causa por la que no debíamos poner el laudo en vigor.

El árbitro celebró dos vistas a las que comparecieron las partes y ofrecieron prueba sobre sus contenciones. Los hechos que surgen del laudo son los siguientes:

"En julio de 1973 la Compañía llevó a cabo una suspensión de empleados (lay-off) que afectó a 23 empleados. Al reorganizar su personal con motivo de dicha reducción, la Compañía procedió a reclasificar a 17 empleados. Estos fueron descendidos de su clasificación de mecánicos a ayudantes de mecánicos. Este descenso en clasificación trajo consigo una rebaja en los salarios que devengaban estos trabajadores. La razón fundamental que dio la Compañía para llevar a cabo este 'lay-off' fue que habían estado perdiendo contratos de servicio y proyectos de construcción que se estaban terminando, no estaban siendo sustituídos por otros nuevos. Después de descenderlos en su clasificación, la Compañía volvió a reponer en su clasificación de primera clase a varios de estos empleados, pero al presente, algunos empleados descendidos aún se desempeñan como ayudantes de mecánicos."

La controversia sometida a arbitraje gira alrededor de la interpretación del Art. XVIII del convenio colectivo existente entre la Unión de Trabajadores S.I.U. de Puerto Rico y el patrono mencionado, cuyo artículo reza como sigue en su parte pertinente:

"En reconocimiento de la responsabilidad de la Compañía de operar eficientemente su negocio se conviene y acuerda que para propósitos de suspensiones ('lay-off') y reposiciones los factores importantes son antigüedad y habilidad para realizar el trabajo.

Sección 1—Aumento en Empleomanía . . . .

Sección 2—Reducción en la Empleomanía.—Cuando sea necesario reducir el número de empleados dentro de una clasificación, el último empleado que haya entrado en dicha clasificación

será el primero en ser suspendido ('laid-off'), siempre y cuando que los empleados restantes en dicha clasificación tengan la capacidad para realizar el trabajo. El empleado sujeto a suspensión ('lay-off') será colocado en la clasificación más baja que dicho empleado haya ocupado siempre y cuando que pueda cualificar a base de antigüedad y capacidad a menos que el empleado elija ser colocado en la lista de antigüedad inactiva y sujeto a las disposiciones de la Sección 3 de este Artículo.

Sección 3—Derechos de Reposición (Recall Rights) . . . .''

Ambas partes de mutuo acuerdo sometieron ante la consideración del árbitro la siguiente cuestión:

"Determinar si la Compañía realizó o no un descenso de clasificación fuera de lo dispuesto en el Artículo XVIII del convenio colectivo en relación a los 17 empleados querellantes. En caso afirmativo el árbitro impondrá el remedio."

Luego de un análisis somero de la prueba, el árbitro concluyó que la compañía no utilizó el criterio de antigüedad para los descensos en clasificación de los empleados, habiéndose basado ésta exclusivamente en el criterio de habilidad de los descendidos, y emitió el siguiente laudo:

"La Compañía realizó un descenso de clasificación fuera de lo dispuesto en el Artículo XVIII, ya que utilizó el criterio de habilidad en vez del de antigüedad al realizar dicho descenso.

Entre los 17 empleados querellantes, aquellos que fueron directamente perjudicados por esta acción incorrecta del Patrono tendrán derecho a que se les pague el diferencial en salario entre el sueldo que ganaban como mecánicos y el que ganaron luego como ayudantes de mecánicos."

La Junta peticionaria solicita:

1) Que se ponga en vigor en su totalidad el laudo de arbitraje emitido por el árbitro Jorge A. Farinacci en contra de Otis Elevator Company y a favor de S.I.U. de Puerto Rico.

2) Que se ordene a Otis Elevator Company, la demandada, a cumplir con todos los pormenores de dicho laudo y pagar a los empleados afectados las cantidades correspondientes más la compensación adicional dispuesta por el Art.

13 de la Ley Núm. 379 del 15 de mayo de 1948, 29 L.P.R.A. sec. 282.

El patrono, en su mostración de causa descansa en *Junta Relaciones del Trabajo* v. *N.Y. & P.R. S/S Co.*, 69 D.P.R. 782 (1949), al alegar que el referido laudo es nulo por no resolver con finalidad todas las cuestiones en controversia que fueron sometidas al árbitro en el acuerdo de sumisión. Expone en su argumentación que el árbitro tenía la encomienda de imponer el remedio y no lo hizo, en tanto en cuanto se limitó a determinar que aquellos empleados perjudicados por la acción del patrono tendrían derecho a que se les pagara el diferencial en salario entre el sueldo que ganaban como mecánicos y el que devengaron como ayudantes de mecánicos, sin resolver cuáles de los empleados querellantes tenían derecho a cobrar el diferencial, ni cuáles fueron correctamente descendidos en clasificación, ni cuántos continuaban clasificados incorrectamente como ayudantes de mecánicos a la fecha en que se dictó el laudo. Aduce además que el árbitro no estableció las sumas que habrían de pagarse a los querellantes ni las fechas en que fueron clasificados nuevamente como mecánicos.

■ Es norma general que el laudo de un árbitro es final e inapelable, por lo que no puede litigarse en los tribunales lo que válidamente se arbitró. *J.R.T.* v. *Caribbean Container Co.*, 89 D.P.R. 742, 745 (1964); *Rivera Adorno* v. *Autoridad de Tierras*, 83 D.P.R. 258, 265–67 (1961); *Junta Relaciones del Trabajo* v. *N.Y. & P.R. S/S Co.*, supra, pág. 800. A tono con dicha norma hemos resuelto que un laudo de arbitraje no es ni un contrato ni una sentencia, pero disfruta de la naturaleza de ambos; y por consiguiente un laudo, basado en una sumisión voluntaria, puede ser impugnado solamente en casos de (1) fraude, (2) conducta impropia, (3) falta del debido procedimiento en la celebración de la vista, (4) violación de la política pública, (5) falta de jurisdicción, y (6) que no resuelva todas las cuestiones en controversia que se

sometieron. *Colón Molinary* v. *A.A.A.*, 103 D.P.R. 143 (1974); *Junta Relaciones del Trabajo* v. *N.Y. & P.R. S/S Co.*, supra, pág. 800. Un laudo, por tanto, no puede anularse por meros errores de criterio ya sean éstos en cuanto a la ley o en cuanto a los hechos. *Colón Molinary* v. *A.A.A.*, supra, pág. 154; *Junta Relaciones del Trabajo* v. *N.Y. & P.R. S/S Co.*, supra, pág. 800.

Según indicamos en el párrafo anterior una de las excepciones a la norma de abstención judicial es la omisión de resolver todas las cuestiones sometidas a arbitraje mediante el acuerdo de sumisión.

La validez de un laudo depende esencialmente de que éste disponga finalmente de la controversia sometida. Updegraff and McCoy, *Arbitration of Labor Disputes*, pág. 210 (1961). Véanse: *Pierce Steel Pile Corp.* v. *Flannery*, 319 Pa. 332, 179 A. 558 (1935); *McInnish* v. *Tanier*, 215 Ala. 87, 109 So. 377 (1926). Empero, si el laudo deja de decidir un aspecto sustancial de una disputa sometida se incumple el propósito del arbitraje en sí. Esto no quiere decir, sin embargo, que un laudo sea nulo si omitiese algún detalle con respecto a la forma de su cumplimiento o ejecución. Por ejemplo, hemos dicho que el dejar de determinar la cantidad específica que el patrono adeuda a la unión no constituye causa de nulidad del laudo, particularmente si existen mecanismos adecuados para computarla. *J.R.T.* v. *Cross Const. Co.*, 89 D.P.R. 763, 765 (1964). Tampoco resulta inválido un laudo que omita disponer la compensación a pagar al obrero en una disputa limitada a determinar si un empleado fue suspendido injustificadamente, especialmente si el propio convenio contiene una disposición al efecto de que el Comité de Quejas ordenará en esos casos el pago de la compensación atrasada a que tenga derecho el empleado suspendido. *J.R.T.* v. *Caribbean Container Co.*, 89 D.P.R. 742 (1964).

El acuerdo de sumisión en el caso de autos consiste de dos partes. La primera se refiere a la interpretación del Art.

XVIII del Convenio Colectivo referente a los factores a ser utilizados como criterio para un descenso de clasificación de un empleado. La segunda parte de la sumisión requiere que de haberse descendido los 17 empleados querellantes en violación de las disposiciones del citado Art. XVIII el árbitro habría de imponer un remedio.

El árbitro resolvió la primera encomienda al determinar que el patrono venía obligado a utilizar los criterios de antigüedad y habilidad, por lo que habiendo descansado el patrono exclusivamente en el factor de habilidad, su actuación constituyó un descenso en clasificación en violación al convenio. Pero dicha primera parte requería una determinación con respecto a cada uno de los 17 empleados querellantes, requiriendo la segunda parte de la sumisión que en caso de incumplimiento al Art. XVIII se impusiera un remedio para cada uno de ellos. No dice sin embargo el árbitro cuáles de los querellantes fueron afectados. Por el contrario concede un remedio impreciso al decir "[E]ntre los 17 empleados querellantes, *aquellos* que fueron directamente perjudicados por esta acción incorrecta del Patrono, tendrán derecho a que se les pague el diferencial en salario entre el sueldo que ganaban como ayudantes de mecánicos." (Énfasis suplido.)

■ Tal remedio general, ambiguo e incompleto no constituye un laudo final y obligatorio.

■ La Ley de Relaciones del Trabajo de Puerto Rico no reglamenta el arbitraje laboral y en esta jurisdicción no hay otra legislación específica en tal sentido. *Seafarers Inter'l. Union* v. *Tribunal Superior*, 86 D.P.R. 803 (1962); *Junta Rel. Trabajo* v. *Valencia Baxt*, 86 D.P.R. 282 (1962). En cuanto a la Ley Núm. 376 de 8 de mayo de 1951, 32 L.P.R.A. secs. 3201–3229, que reglamenta el arbitraje comercial, tampoco se aplica al arbitraje entre patronos y empleados. *Seafarers International Union* v. *Tribunal Superior*, supra. En ausencia de estatuto aplicable, aplicaremos a los problemas de arbitraje laboral los principios generales de la

doctrina que rige la materia de arbitraje. *Seafarers International Union* v. *Tribunal Superior*, supra; *Junta Rel. Trabajo* v. *Valencia Baxt*, supra; *Junta Relaciones del Trabajo* v. *N.Y. & P.R. S/S Co.*, supra; 1 Teller, *Labor Disputes and Collective Bargaining*, secs. 178–185, pág. 532 (1940); Comment, *The Function of Arbitration in the Settlement of Industrial Disputes*, 33 Calif. L. Rev. 1366 (1933). Hemos exigido que los acuerdos sobre arbitraje deben hacerse cumplir de manera estricta si la sumisión es clara y libre de ambigüedad, haciendo valer así la bien definida política pública que alienta el arbitraje como la manera más sencilla, menos formal y más pronta de solucionar controversias entre los ciudadanos. No obstante, hemos resuelto que un laudo puede ser impugnado o anulado, como regla general, si existe algún defecto o insuficiencia en la sumisión. *Seafarers International Union* v. *Tribunal Superior*, supra. Más aún, también exigiremos que el laudo arbitral solamente pueda ponerse en vigor en tanto en cuanto éste resuelva con finalidad las cuestiones contenidas en la sumisión arbitral. La carencia de finalidad, por otro lado, constituye una de las excepciones a la norma de abstención que los tribunales se han impuesto, y que hemos reiterado en el pasado. *Junta Relaciones del Trabajo* v. *N.Y. & P.R. S/S Co.*, supra.

■ Es sabido que un laudo puede ponerse en vigor aun si una parte es válida y otra inválida, siempre y cuando que la parte válida sea claramente separable y pueda subsistir por sí sola. En tal caso la parte válida será objeto de cumplimiento específico. *Junta Relaciones del Trabajo* v. *N.Y. & P.R. S/S Co.*, supra; véase Slovenko, *Symposium on Labor Relations*, 1961. Pero, este Tribunal no puede ordenar el cumplimiento en los casos en que las cuestiones resueltas sean inseparables.

■ El laudo de autos presenta una situación en la que no podemos separar una de las dos cuestiones sometidas al árbitro sin que ello invalide el laudo en su totalidad. *Junta*

*Relaciones del Trabajo* v. *N.Y. & P.R. S/S Co.,* supra, pág. 806. No puede concebirse un incumplimiento del convenio si no se atan las circunstancias que constituyen la violación con las personas afectadas. El pronunciamiento del laudo sobre la violación al convenio no es final y definitivo en cuanto a aquellos querellantes en particular que fueron afectados, y estando la violación tan integralmente entrelazada al remedio dictaminado, se hace imposible su cumplimiento. El cumplimiento del laudo en la forma en que fue dictado quedaría al arbitrio del patrono. El imponer éste su voluntad en la determinación de los querellantes en particular que fueron afectados por la violación del Art. XVIII del convenio podría originar el nacimiento de una nueva controversia que a su vez tendría que ser sometida al procedimiento de arbitraje. En vista de lo expuesto no puede sostenerse el laudo objeto de la petición.

*Debe desestimarse la petición de la Junta de Relaciones del Trabajo de Puerto Rico.*

El Juez Presidente Señor Trías Monge disintió sin opinión.