STEAGALL, Justice.
Elinor Ellostein Wright, Margie June Wright, Ruth Alice Wright, and Sybil Thel: ma Wright (all sisters) contracted with Land Developers Construction Company, Inc. (hereinafter “Land Developers”), on October 10, 1986, for the construction of a house in Vestavia Hills at an estimated price of $253,728. The contract specifically provided for resolution of disputes or claims through arbitration.[1] Sometime af *1001 ter work on the house had commenced, a disagreement arose between the Wright sisters and Land Developers concerning the construction of a retaining wall, and, on February 8, 1988, the Wrights filed a demand for arbitration with the American Arbitration Association. The demand alleged, inter alia, that: 1) Land Developers had failed to substantially complete the house by April 10, 1987 (as required by the contract); 2) the company did not “use reasonable efforts in reaching an agreement with owners” regarding the driveways, walks, and retaining walls; 3) the company had abandoned construction of the house, in violation of the contract; 4) construction on the house was not of the quality required by the terms of the contract; and 5) the company’s refusal to resume construction precluded the Wrights from inhabiting the house and rendered it unmarketable.
The three arbitrators that were selected, James H. Faulkner, Robert G. Robie, and Clorindo Belcolore, held a two-day hearing and, on September 30, 1988, issued an “Interim Order and Award of Arbitrators.” That order required Land Developers, among other things, to obtain the necessary insurance for the duration of the project, to repair any damage to the residence that had occurred since Land Developers had left the job, and to complete all “punch list” items given to it by William Chambers, the arbitration architect appointed by the panel. It also required the Wrights to make payment to Land Developers as follows:
“Retainage $11,288.17
“Balance on contract $29,749.61
“C.O.# 14 Extra for retaining wall $ 3,776.61
$44,813.78” [2]
The last sentence of the order reads, “The arbitration panel retains jurisdiction in this arbitration to render a final award.”
In line with that reservation of jurisdiction, the Wrights’ attorney requested, in a letter to the American Arbitration Association dated November 23, 1988, that the panel retain jurisdiction until the contractor had complied with the interim order and award. That letter also requested that Land Developers specifically perform the construction of the retaining wall as set out in the interim award.
Thereafter, Chambers employed a structural engineer to design the retaining wall; that engineer’s estimate was considerably higher than the original contract estimate. Because of the discrepancy, Land Developers filed a “Request for Clarification of Interim Order” and a “Request for Final Order,” to which the Wrights filed an objection. A meeting between the arbitrators took place in Faulkner’s office and, on December 2, 1988, the arbitrators entered a final award in which the Wrights were ordered to pay $17,754.93 as the balance due under the contract. That amount was calculated as follows:
“Contract price $255,512.73
“Total payments to date 213,510.80
42,001.93
“Less: Credits 21,747.00
20,254.93
“Less: Liquidated damages 2,500.00
“Balance due Contractor $ 17,754.93”
The panel did not, however, order specific performance in the construction of the retaining wall, because it found that such performance would exceed that intended or contemplated by the parties when they entered into the contract.
The Wrights filed a complaint in circuit court on December 16, 1988. The trial court treated Land Developers’ motion to confirm the award as a motion for summary judgment, which it granted after an ore tenus hearing, and entered a final judgment in favor of Land Developers. The Wrights filed a motion to amend the judgment, which the trial court denied on March 29, 1989.
The basis for the trial court’s judgment in favor of Land Developers was that the Wrights had not proven any one of the five grounds available for vacating an arbitra *1002 tion panel’s award as provided in 9 U.S.C. § 10, the Federal Arbitration Act. Those grounds are:
“(a) Where the award was procured by corruption, fraud, or undue means.
“(b) Where there was evident partiality or corruption in the arbitrators, or either of them.
“(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
“(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
“(e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.”
On appeal, the Wrights contend that the arbitrators’ first award of September 30 was final and binding and that the second award should be vacated based on the doctrine of functus officio.[3]
We have previously held with regard to arbitration orders that “[t]he award must be a final determination of the matters submitted,” and that “[i]f any further action of a judicial nature remains to be had by the arbitrators there is no award.” McInnish v. Lanier, 215 Ala. 87, 87, 109 So. 377, 377 (1926). See, also, Mercury Oil Refining Co. v. Oil Workers Int’l Union, CIO, 187 F.2d 980 (10th Cir.1951). “An arbitration award is generally not final if it is not intended by the arbitrators to be a complete determination of all of the claims submitted to them. Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 413 (2d Cir.1980); La Vale Plaza, Inc. v. R.S. Noonan, Inc., 378 F.2d 569, 573 (3d Cir.1967).” A/S Siljestad v. Hideca Trad ing, Inc., 678 F.2d 391, 392 (2d Cir.1982). The question before us, then, is whether “[t]he first award disposed of all questions before the arbiters.” Citizens Bldg. v. Western Union Tel. Co., 120 F.2d 982 (5th Cir.1941).
In its order denying the Wrights’ motion to amend, the trial court made the following findings:
“The first award made by the arbitrators was clearly labelled an interim award. The terms of the award itself made it clear that the arbitrators were seeking to provide equitable relief by having the contractor himself carry out the terms of the contract. It was obviously necessary for the arbitrators to retain jurisdiction to provide other remedies in the event that the contractor either refused or was unable to comply with the contract. The last sentence of the award provides: ‘The arbitration panel retains jurisdiction in this arbitration to render a final award.’
[[Image here]]
“In the present case, this Court considers that the arbitrators did not revoke their earlier award but determined that they should award damages to the Wrights in lieu of performance in erecting the retaining wall.
“It appears that the Wrights object perhaps on the ground that the damages awarded are insufficient when measured against the cost of the construction of the retaining wall.
[[Image here]]
“Having considered the evidence and the arguments of both sides of the controversy, the arbitrators determined to allow the Wrights the sum of $16,222.00 as damages in lieu of the construction of the retaining wall. This issue of the cost of the wall was hotly disputed by the parties, and the arbitrators made a final determination on the same.
“It is not for this Court to retry this issue and itself determine from the evi *1003 dence what damages it should allow for the retaining wall.
“As this Court has stated in its Final Judgment, no ground has been shown by the Wrights sufficient to authorize this Court to vacate or set aside the award made by the arbitrators.
“Accordingly, the motion filed by the plaintiffs to reconsider and modify the judgment is hereby overruled.”
It is clear from the substance of the interim order that the issues of specific performance and/or damages were unresolved and not addressed; those were handled for the first time in the December 2 order. In essence, the second order did not “change” the content of the first order but, rather, handled new issues that arose after the interim order. Furthermore, the arbitrators clearly indicated that the “interim” order was not intended to be “final.”
After reviewing the record, we do not find the trial court’s judgment to be plainly and palpably wrong, Moore v. Williams, 519 So.2d 1387 (Ala.1988). It is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and HOUSTON, JJ., concur.

. Both sides concede the applicability of the Federal Arbitration Act to this case; therefore, *1001 there is no issue presented as to whether this case involved a contract in "interstate commerce." See Ex parte Warren, 548 So.2d 157 (Ala.1989).

. Our calculation shows the sum of these three figures to be $44,814.39.

. Although Land Developers argues that the Wrights did not raise the issue of functus officio until they filed their motion to amend the court's final judgment, we find that the Wrights’ complaint, which states that the arbitrators “imperfectly executed their powers,” 9 U.S.C. § 10(d), sufficiently raised this issue before the trial court and preserved it for appeal.