Schroeder Bros., Inc., Appellant, *v.* Sabelli.

Argued October 30, 1944. Before Keller, P. J., Baldrige, Rhodes, Hirt, and Reno, JJ. (James, J., absent).

*B. D. Oliensis,* with him *Jacob K. Miller* and *Levi, Mandel & Miller,* for appellant.

*Ned Stein,* for appellee.

Opinion by Hirt, J., December 13, 1944:

Plaintiff sued on an admitted claim for food products sold and delivered. Defendant pleaded a setoff and counterclaim for damages upon a prior purchase of cheese which he alleged did not meet the description of that contract. The verdict was for $500 in defendant's favor. Plaintiff moved for judgment n. o. v. on the whole record and for a new trial. Judgment was refused but a new trial was granted on the ground that defendant "did not produce sufficient satisfactory evidence of the extent and amount of the loss" under the applicable measure of damages. The court held that defendant had an enforceable claim against the plaintiff if properly proven. It is true that a trial court has discretionary power and is not bound to enter judg-

ment n. o. v. in every case when convinced that binding instructions should have been given at the trial. *Bunn et al. v. Furstein,* 153 Pa. Superior Ct. 637, 34 A. 2d 924. But a party to an action who, as a precaution, moves for a new trial, and a new trial is granted, is not denied an appeal (Act of April 9, 1925, P. L. 221, 12 PS 682) from a resultant order refusing his motion for judgment n. o. v. Giving the defendant the benefit of the most favorable inferences from the testimony, there is nothing in the whole record of this case which gives legal support to defendant's right of action on his counterclaim. The lower court therefore is chargeable with an abuse of discretion in granting a new trial, and with reversible error in refusing plaintiff's motion for judgment n. o. v. *March v. Phila. & West Chester Trac. Co.,* 285 Pa. 413, 132 A. 355; *Fornelli v. Penna. R. R. Co.,* 309 Pa. 365, 164 A. 54.

These are the material facts established by the verdict: Plaintiff, a manufacturer's agent and importer, by written contract, sold to defendant 50 cases of Argentine Romano Cheese , 7 to 8 months old, at $53 per 100 kilos, f. o. b Buenos Aires. Upon arrival of the shipment in Philadelphia on August 8, 1941, defendant paid a sight draft drawn upon him by the plaintiff for the full purchase price, in accordance with the terms of the contract. Thereupon, after clearing United States Customs, the entire shipment of 5,703 pounds of cheese was delivered to defendant and was accepted by him. Argentine Romano type cheese was used as a substitute for Italian Romano during the period when exports from Italy were closed. In proper condition, it is a hard dry cheese suitable for grating. Defendant on inspection following delivery discovered that the cheese was not more than five months old and was too fresh; that it had a bad odor and was green with mold. He however, did not then attempt to reject the shipment and request a return of the price paid as he might have done. *Foell Packing Co. v. Harris,* 127 Pa. Superior Ct. 494,

193 A. 152. The sale had been negotiated by one Basso, plaintiff's soliciting or selling agent. Two days after delivery defendant complained to Basso as to the quality of the cheese and was advised by him to put it in cold storage to condition it. Two weeks later upon further complaint from defendant Basso told him that he would report the matter to "Mr. Schroeder" (of plaintiff corporation); shortly thereafter Basso told defendant that Schroeder would not make any adjustment. In March 1942 at Basso's suggestion defendant went to plaintiff's office in New York and renewed his demand on Schroeder for an adjustment as to price. This was refused, on the ground that defendant had not registered his complaint with plaintiff in accordance with the terms and conditions of the written contract. Defendant had not read his contract and did not notify plaintiff, in writing, of his complaint as to variance between what he contracted for and what was delivered, until about eight months after accepting delivery of the shipment. He never offered, in writing or otherwise, to submit the dispute to arbitration. Under "Conditions of Sale" the written contract provided that all claims must be made in writing within eight days after arrival of the shipment and disputes between the parties shall be submitted to arbitration demanded by the buyer within that period of eight days.[1]

---

[1] The material conditions of the contract are: "3. No claims of any nature shall be entertained if not made by registered letter addressed to the undersigned Agents of Seller within eight (8) days of the arrival of the merchandise at destination [as] indicated in paragraph 9 hereof. 9. Any disputes that may arise between the parties shall be submitted to arbitration by ...... under the laws of New York. Each party hereto accepts jurisdiction of the Courts of that State, solely for the purpose of commencing, conducting and enforcing such arbitration proceeding and agrees to accept ten days' notice in writing by registered letter addressed to said party or his agent herein named, of intention to proceed with Arbitration of the hearing thereof and of any other step in

The above provisions of the contract were reasonably necessary for the protection of plaintiff, characterized in the agreement as "agent of the seller" in Argentina. Although acting for an undisclosed principal (at the trial plaintiff offered to name the shipper but defendant's objection to the offer was sustained) plaintiff on its sight draft collected the full purchase price. Plaintiff was entitled to know promptly before remittance to his principal of any claims chargeable to the shipper. The parties reduced their sale agreement to writing; both are bound by its provisions and defendant is barred by his failure to assert his claim as he was obliged to do under the terms of his contract. Defendant did not make a claim on plaintiff in writing until long after he had accepted the shipment and exercised dominion over the goods and he never made a demand for arbitration. Arbitration is a convenient method of settling disputes both of law and fact with finality between a buyer and a seller of merchandise. *Pierce Steel Pile Corp. v. Flannery,* 319 Pa. 332, 339, 179 A. 558. And the public policy of this State is to give effect to such agreements. *Kuzmen v. Kamien et ux.,* 139 Pa. Superior Ct. 538, 12 A. 2d 471. Where the parties to an executory contract agree to submit disputes, arising in the performance of it, to arbitration, they are bound by their contracts (*Kaisha, Ltd. v. Ewing-Thomas Corp.,* 313 Pa. 442, 170 A. 286) even though the arbitrators are not named in the agreement. *Britex Co. Ltd. v. Schwab & Sons Inc.,* 139 Pa. Superior Ct. 474, 12 A. 2d 473; *Katakura & Co. Ltd.*

---

connection therewith or for enforcement thereof, with the same effect as though personally served therewith in that State. Such arbitration must be demanded by the Buyer by registered mail, addressed to the Agent of the Seller herein named, within eight (8) full business days from the date of the arrival of the steamer, in case of water shipments, or of arrival of car, in case of rail shipments. Failure to comply with the foregoing condition shall be deemed a waiver of the right to make any claim and/or demand arbitration for any cause whatsoever."

*v. Vogue S. H. Co.*, 307 Pa. 544, 161 A. 529. The contract in question is specific in designating the procedure by providing that the arbitration shall be governed by the laws of the State of New York. It must be liberally construed to give effect to the primary intention of the parties. *Britex Co. Ltd. v. Schwab & Sons, Inc.*, supra.

Basso was no more than plaintiff's selling agent. He solicited the sale but the contract was entered into by defendant with plaintiff, and was executed on plaintiff's behalf by Henry W. Schroeder. As selling or soliciting agent Basso's authority was limited and he did not have the power to alter or waive the conditions of the written contract. *Doll et al. v. Ryder et al.*, 118 Pa. Superior Ct. 7, 178 A. 320. Notice to him that the quality of the cheese did not satisfy the description of the contract was not notice to plaintiff. Restatement, Agency, §268; *Foell Packing Co. v. Harris*, supra. Defendant's complaints to Basso did not estop plaintiff from holding defendant to the conditions of the contract. *Dougherty, Tr., et al. v. Thomas Exr.*, 313 Pa. 287, 169 A. 219.

Where a contract is in writing and its terms are not in dispute its construction is a matter of law for the court. *Hay v. Pgh. Lodge No. 46 L. O. O. M.*, 137 Pa. Superior Ct. 205, 8 A. 2d 434; *Simsohn v. Wetter*, 111 Pa. Superior Ct. 523, 170 A. 422; *Baldwin v. Magen*, 279 Pa. 302, 123 A. 815. Whether an estoppel results from established facts is also a question for the court. *Gen. Elect. Co. v. N. K. Ovalle Inc.*, 335 Pa. 439, 6 A. 2d 835. Under the proofs in this case the court should have found that defendant was barred by his failure to comply with the condition of his contract. Accordingly, plaintiff's motion for binding instructions should have been granted. Defendant admits the validity of the charges of $730.03 against him, upon which this suit was brought; plaintiff is entitled to judgment in that amount.

Order reversed and judgment is directed to be entered for plaintiff against the defendant n. o. v. for $730.03 with interest from April 1, 1942.