445 A.2d 778

Edrick McKNIGHT, a minor, by his parent and natural guardian, Bernice McKnight, and Bernice McKnight, in her own right

v.

The CITY OF PHILADELPHIA and The School District of Philadelphia.

Appeal of The SCHOOL DISTRICT OF PHILADELPHIA.

Edrick McKNIGHT

v.

Santee RUFFIN, Appellant.

Superior Court of Pennsylvania.

Submitted June 12, 1980.

Filed May 14, 1982.

328

Robert T. Lear, Philadelphia, for the School Dist. of Philadelphia, appellant (at No. 2452).

Leon A. Mankowski, Philadelphia, for Ruffin, appellant (at No. 84).

Daniel L. Thistel, Philadelphia, for appellees (at No. 2452).

Before BROSKY, CIRILLO * and HOFFMAN, JJ.

BROSKY, Judge:

This action was commenced by Edrick McKnight to recover damages for injuries he suffered when he was cut by a saw during a wood shop class. Appellants in these consolidated appeals were among the defendants named below.[1] The jury returned a verdict in the amount of $95,000 and following the denial of post-trial motions, these appeals followed. Mr. Ruffin and the School District argue that appellee did not meet his burden of proof as to either their negligence or as to damages. They also contest the admissibility of certain expert testimony. We affirm the decision of the trial court.

* At the time this case was submitted, Honorable VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania was sitting by designation.

1. Compulsory nonsuits were entered in favor of the other defendants.

The accident occurred in 1970 while Edrick McKnight was an eleventh-grade student at Germantown High School in Philadelphia. He was using a circular saw to cut strips of wood when somehow the finger of one hand was amputated and another was severely injured. Mr. McKnight testified that he could not remember exactly how the accident happened, but it is clear that it was caused by the saw. The guard with which the saw had been equipped had been removed by the wood shop instructor earlier in the semester and remained off at the time of the accident.

Appellant, Ruffin, sought a judgment n. o. v. alleging that appellee had failed to meet his burden of proving that Mr. Ruffin had been negligent or that his negligence had caused the injury.[2]

Our standard of review of the denial of motions for judgment n. o. v. was explained in *Posh Construction, Inc. v. Simmons & Greer, Inc.*, 292 Pa.Super. 149, 436 A.2d 1192 (1981), as follows:

> Further, we must be mindful that judgment n. o. v. will be entered only in a clear case, when the facts are such that no two reasonable persons could fail to agree that the verdict was improper, and any doubts should be resolved in favor of the verdict. See *Atkins v. Urban Redevelopment Authority of Pittsburgh*, 489 Pa. 344, 414 A.2d 100 (1980); *Broxie v. Household Finance Co.*, 472 Pa. 373, 372 A.2d 741 (1977); *Bottorf v. Waltz*, 245 Pa.Superior Ct. 139, 369 A.2d 332 (1976). In the resolution of this appeal, we must consider the evidence available to the lower court in the light most favorable to the verdict winner, giving it the benefit of every reasonable inference of fact arising therefrom, and we must resolve any conflict in evidence in the favor of the verdict winner. See *Broxie v. Household Finance Company*, supra.

---

**2.** Appellant had moved for compulsory nonsuit at the conclusion of appellee's case and he argues that denial of the motion was in error. However, as he notes in his brief, the subject of this appeal is the denial of motions for judgment n. o. v. or new trial.

■ It is axiomatic that in order to recover damages on a negligence theory, a plaintiff must prove the existence of a duty, breach of that duty and that the breach was the proximate cause of the injury. See *Engel v. Friend's Hospital*, 439 Pa. 559, 266 A.2d 685 (1970); *O'Neill v. Batchelor Bros., Inc. Funeral Homes*, 421 Pa. 413, 219 A.2d 682 (1966).

The concept of proximate cause was explained in *Hamil v. Bashline*, 481 Pa. 256, 265, 392 A.2d 1280, 1284 (1978):

> Proximate cause is a term of art denoting the point at which legal responsibility attaches for the harm to another arising out of some act of defendant, *Fleckinger Estate v. Ritsky*, supra [452 Pa. 69, 305 A.2d 40]; W. Prosser, Law of Torts, § 41 (4th ed. 1971); and it may be established by evidence that the defendant's negligent act or failure to act was a substantial factor in bringing about the plaintiff's harm. (Citations omitted.)

■ Appellant, Ruffin, contends that the only evidence relating to his possible negligence was given by Mr. Scriven, who had succeeded him as principal of Germantown High School. That testimony, he argues, provided insufficient evidence that he had a duty which was breached. Appellant also contends that Mr. Scriven's testimony should not have been admitted against him.[3]

Mr. Scriven testified that in 1970 he was not connected with Germantown High School, but that at the time of the

---

3. Mr. Ruffin refers us to an exchange that took place between the trial judge and counsel concerning Mr. Scriven's testimony. Mr. Scriven had been called by appellee's counsel as a records custodian. At trial, however, appellee's attorney announced that he wished also to question him "as of cross." Appellant's counsel objected to this procedure, but the lower court permitted it saying that the testimony was not to be used in the case against Mr. Ruffin. Later in the trial, appellee's counsel requested that the testimony be incorporated into that case. Appellant's attorney stated that he did not think the motion was necessary since the testimony had "been developed." By his statements in opposition to the motion, counsel indicated that he understood Mr. Scriven's testimony to have been part of the case against his client. He cannot now rely on the judge's earlier limitation on its use as grounds for excluding the testimony. This is particularly so in view of the fact that he alleges no prejudice from the procedure.

accident he was employed as Administrative Assistant to the Superintendent of Schools. He said that he knew what were the responsibilities and duties of a high school principal in 1970 and that they included a responsibility for the safety of the students and ordinarily, for "everything in the building, in concept."

There was also testimony that for several months prior to the accident, the guard was not on the saw.

Based on this evidence, the trial court concluded the jury could conclude that Mr. Ruffin was negligent in not correcting the dangerous situation created by the absence of the guard. We agree.

▪ Appellant also argues that Mr. Scriven's background was not explored in enough detail to provide a foundation for his testimony. However, no objection was made to the qualification of the witness at trial and that issue is therefore waived. See *Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

▪ Appellant, School District, also claims that appellee failed to meet the burden of proving that negligence by it caused his injury. They contend that since appellant cannot recall exactly how the accident occurred, the jury had no basis for finding that the absence of the guard on the saw caused it to happen.

It is true that appellee testified that he had no specific recollection of his fingers being amputated. In fact, he seemed confused as to exactly what operation he was performing when the accident occurred. However, the lower court found that appellee had nonetheless sustained his burden. We agree.

Mr. Chaitkin, the shop teacher, testified that the purpose of the guard, which had been removed, is to protect the operator from injury by keeping his fingers away from the saw. He agreed that when the saw is not equipped with a guard, the "last line of defense" has been removed.

Additionally, a photograph of the actual saw was introduced, and Mr. Chaitkin explained how it differed from the model constructed by Dr. Keyt.

Professor Keyt constructed a model of a saw with a guard that he said would not afford protection as good as the one on the actual saw. He opined that even if the guard on his model were on, the accident would not have occurred. Appellee met its burden.

■ Mr. Ruffin and the School District object to the admission of testimony of a witness who testified as to the operation of a model saw which he constructed. Dr. Keyt is a professional engineer. He stated that most of his experience with wood cutting came from his personal use of saws rather than professional experience. However, he did add,

Of course, I've applied what I've known as an engineer in the use of my wood saw in the basement. I would not approach the saw exactly the same way as a person who had not had the engineering experience.

He stated that he has applied the laws of physics which he learned as a mechanical engineer in his work with wood.

In *Rutter v. Northeastern Beaver County School District*, 496 Pa. 590, 437 A.2d 1198 (1981), our Supreme Court explained:

The Pennsylvania standard of qualification for an expert witness is a liberal one. "If a witness has any reasonable pretension to specialized knowledge on the subject under investigation he may testify and the weight to be given to this evidence is for the jury. *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 338, 319 A.2d 914, 924 (1974).

(437 A.2d at 1201).

Although Dr. Keyt's experience with wood cutting seems to have been acquired at his home, rather than on the job, the lower court could have found that his engineering background gave specialized knowledge that would aid the jury.

■ Both appellants seek a new trial contending that appellee did not meet the burden of proving damages. Spe-

cifically, they point to alleged inadequacies in the testimony of two experts called by appellee.

Our Supreme Court discussed the question of proof of damages in *Kaczkowski v. Bolubasz*, 491 Pa. 561, 421 A.2d 1027, 1030 (1980):

The "law does not require that proof in support of claims for damages or in support of compensation must conform to the standard of mathematical exactness." *Lach v. Fleth*, 361 Pa. 340, 352, 64 A.2d 821 (1949). All that the law requires is that "(a) claim for damages must be supported by a reasonable basis for calculation; mere guess or speculation is not enough." *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442, 453–54, 197 A.2d 721, 727 (1964). See also, *Small [Smail] v. Flock*, 407 Pa. 148, 180 A.2d 59 (1962); *Getz v. Freed*, 377 Pa. 480, 105 A.2d 102 (1954). "If the facts afford a reasonably fair basis for calculating how much plaintiff's entitled to, such evidence cannot be regarded as legally insufficient to support a claim for compensation." *Western Show Co., Inc. v. Mix*, 308 Pa. 215, 162 A. 667 (1932).

The first witness, Dr. Leshner, was an employment counselor who testified at length as to appellee's employment and salary history and future prospects. He outlined the kind of work for which appellee is qualified and opined as to the range within which his salary is likely to fall. He compared that range to one in which he believed appellant would have fallen if the accident had not occurred.

Obviously the witness cannot say with certainty exactly what appellee would have earned if his hand were not injured; he did, however, outline a reasonably fair basis for his calculations.

Leonard Goodfarb, an actuary, also testified as to damages. He reduced to present worth the salary losses likely to be suffered by appellee over what Goodfarb estimated to be in a 38–48 year work life expectancy. He utilized the method of discounting future damages by computing interest at six percent simple interest. This method is the one required by our courts. See *Kaczkowski*, supra. However,

as appellant notes, the calculation of present worth is complicated. Mr. Goodfarb's expert testimony, rather than confusing the issue, offered aid to the jury.

Judgment affirmed.