445 A.2d 1263

**Robert D. MORGAN, Appellant,**

v.

**PHILADELPHIA ELECTRIC COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1981.

Filed May 21, 1982.

546

Robert B. B. Schatz, Philadelphia, for appellant.

John J. Tinaglia, Philadelphia, for appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

The instant appeal arises from a lower court order dismissing the Plaintiff-Appellant's post-trial motions in a case involving claims for damages for injuries purportedly suffered in a motor vehicle collision. The Defendant-Appellee, the Philadelphia Electric Company, admitted liability in the collision, in which a vehicle operated by one of its employees struck the rear of a vehicle in which the Appellant was a passenger. At the conclusion of the trial, the jury awarded no damages to the Appellant. On the instant appeal, the Appellant contends that he is entitled to a new trial based upon the alleged racially discriminatory use of peremptory challenges by the defense, and also because the jury awarded him no damages. We find no merit in either of the contentions raised by the Appellant.

■ We first examine the claim that the Appellant is entitled to a new trial as the result of the alleged racially discriminatory use of peremptory challenges by the Appellee, which resulted in the exclusion of all prospective black jurors in the case. The Plaintiff and all but one of his witnesses were black. During voir dire examination of the prospective jurors by counsel for the respective parties, several of the prospective jurors were removed for cause. In each instance, such jurors were white. The entire panel from which the jury was to be chosen apparently included four black individuals. It was claimed that counsel for the defense exercised peremptory challenges to exclude all four black prospective jurors from the panel which considered the case.

The question of the exclusion of jurors of a particular race from a jury panel has most often been raised in criminal cases. The United States Supreme Court addressed this issue in the landmark case of *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). In *Swain* the Court held that it was not a denial of Equal Protection to exclude blacks from a jury by the use of peremptory challenges in a criminal case.[1] It was held that in order to establish a denial of constitutional rights, it would have to be shown that jurors of a particular race were systematically excluded from the array of jurors available, and not simply that racial considerations had played a part in the exercise of peremptory challenges used in the selection of the panel which actually heard a particular case. Our Pennsylvania Supreme Court has recognized this concept. See *Commonwealth v. Jones*, 465 Pa. 473, 350 A.2d 862 (1976). If such use of peremptory challenges is not deemed to be a violation of rights in a criminal case, where one's very liberty is placed in question, it does not appear to us that there is any basis to create a more stringent standard in civil proceedings by adopting the position urged in the instant case by the Appellant. It appears that such a distinction has been specifically rejected in the Federal courts. *Sorenson v. Raymond*, 532 F.2d 496 (5th Cir. 1976). Therefore, we reject the Appellant's initial claim of error.

The Appellant also contends that the jury's verdict was against the weight of the evidence and that a new trial is required on the issue of damages. The Appellant argues, in essence, that the jury was compelled to accept the testimony which he and his witnesses offered as to his injuries, pain and suffering, and thereby was required to award him damages. It is well-established that a court should grant a

1. In *Swain*, the Supreme Court considered whether peremptory challenges based upon race violated the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. In that regard, we note that the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, which both deal with the right of citizens to jury trials, apply only to criminal proceedings.

new trial only when the verdict is so contrary to the evidence as to shock the court's sense of justice. *Weaver v. Firestone Tire & Rubber Company*, 267 Pa. Superior Ct. 548, 407 A.2d 45 (1980). Further, it is the general rule that the granting or denial of a new trial is a decision within the sound discretion of the trial judge. *Palmer v. Brest*, 254 Pa. Superior Ct. 532, 386 A.2d 77 (1978). While it is clear that where legal liability has been imposed, a jury may not capriciously withhold damages [*Pascarella v. Pittsburgh Railway Co.*, 389 Pa. 8, 131 A.2d 445 (1957)], it is also well-established that a jury is not required to believe the plaintiff and his witnesses, even when their testimony is uncontradicted. See *Bronchak v. Rebmann*, 263 Pa. Superior Ct. 136, 397 A.2d 438 (1979). Moreover, where a plaintiff's evidence as to damages is contested and placed in doubt, it is within the jury's power to decide that the plaintiff did not meet his burden of proof and to award no damages. *Lesoon v. Yellow Cab Co.*, 195 Pa. Superior Ct. 470, 171 A.2d 877 (1961). This Court has also held that a jury may properly ignore any plaintiff's claim for damages when it disbelieves the witnesses of the plaintiff and therefore is unconvinced by plaintiff's evidence. See *Surgent v. Stein*, 280 Pa. Superior Ct. 142, 421 A.2d 445 (1980); *Rose v. Hoover*, 231 Pa. Superior Ct. 251, 331 A.2d 878 (1974).

█ Our own review of the record convinces us that ample grounds existed upon which the jurors may have concluded that the Plaintiff-Appellant and his witnesses were unworthy of belief on the issue of whether or not he suffered any injuries in the accident in question. The record shows that the accident occurred on October 20, 1975, and that the Appellant was then a passenger in an automobile which was struck from the rear by another vehicle operated by an employee of the Defendant. The Appellant testified at trial that immediately after the accident he went directly home and to bed. He related that he was in tremendous pain, wore a full-body brace and orthopedic collar for months, and that for weeks after the accident he was only able to descend his steps at home with the aid of crutches, in order

to make visits to a doctor. On cross-examination, the Plaintiff was confronted with pictures from a local newspaper, dated two weeks after the accident, showing him awarding a trophy to the winner of a beauty contest at a large hotel in Philadelphia. The Plaintiff's credibility was also placed in doubt with regard to his explanation of the occurrences of the accident. Although he testified that he was a passenger and was wearing a seat belt when the accident occurred, he claimed that his injuries were the result of striking the steering wheel and the dashboard. The Plaintiff's wife, who also testified on his behalf, claimed that she too was injured in the collision in ways which would have been difficult to imagine, in view of her testimony that she also wore a seat belt at the time of the collision. Both of these witnesses testified that there was a significant impact in the collision and severe damage to the vehicle in which they were passengers. However, a photograph of the vehicle offered by the defense appeared to refute the testimony of significant damage to the vehicle. The statements of physicians who testified on behalf of the Plaintiff may also have been reasonably doubted by the jurors. The records of one physician contradicted the Plaintiff's testimony as to the number of visits the Plaintiff had made to the physician in the three weeks immediately following the accident. Moreover, while that doctor's records of the treatment subsequent to the accident only mentioned injuries allegedly suffered in the accident, they made no mention of numerous medical problems for which the physician had furnished treatment to the Plaintiff on approximately thirty to forty occasions in the five years preceeding the accident. A second physician who testified based his opinions in part upon the medical history which had been given to him by the Plaintiff. The veracity of that medical history was clearly drawn into question by Plaintiff's own testimony at trial, which contradicted the history he had given to the doctor.

On the basis of the foregoing highlights of the testimony which are evident in the record and which surely affected the jury's conclusions regarding credibility, we cannot hold

that the jury's denial of damages shocks our sense of justice in this case. Thus, we discern no error in the lower court's denial of a new trial on the basis of the jury's failure to award the Plaintiff any damages in the case. Therefore, we reject the Appellant's second claim of error.

The order of the lower court is hereby affirmed.