472 A.2d 691

Steven C. BUCK, Appellant

v.

SCOTT TOWNSHIP, a Municipal Corporation

v.

Patricia Ann GOTCH.

Steven C. BUCK

v.

SCOTT TOWNSHIP, a Municipal Corporation, Appellant

v.

Patricia Ann GOTCH.

Superior Court of Pennsylvania.

Argued Sept. 28, 1983.

Filed Feb. 24, 1984.

Petition for Allowance of Appeal Denied May 29, 1984.

150

Paul E. Moses, Pittsburgh, for Buck, appellant (at No. 547) and appellee (at No. 554).

Daniel J. Weis, Pittsburgh, for Scott Tp., appellant (at No. 554) and appellee (at No. 547).

Before McEWEN, BECK and HESTER, JJ.

BECK, Judge:

Stephen C. Buck and Scott Township each appeal the order of the Court of Common Pleas, Allegheny County of May 5, 1982 which granted a new trial in Buck's suit against the township. Buck was injured in June 1978 while riding his motorcycle in Scott Township and he brought two causes of action in trespass: one against the township for negligent failure to erect or replace stop signs or traffic lights at the site of the accident, and one against Patricia Ann Gotch, the driver of the other vehicle. Gotch was joined as additional defendant in the suit against the township.

A jury trial returned a verdict of $89,000 in favor of Buck against the township. The lower court then molded the verdict, reducing it to $44,500 on the basis of the jury's answers to interrogatories, which found that Buck and the township were each fifty per cent negligent. The jury also found that Gotch was not negligent.

Following the verdict, the township moved for judgment *non obstante veredicto* and for a new trial, and Buck moved for a new trial restricted to the issue of damages alone, not liability. The lower court denied the motion for the judgment n.o.v. and granted an unrestricted new trial. The township here appeals the denial of the judgment n.o.v., and Buck appeals the grant of the unrestricted new trial.

Initially we note that an order denying a new trial or judgment n.o.v. is interlocutory and nonappealable until it is

reduced to judgment and docketed. Pa.R.A.P. 301(c); *Brogley v. Chambersburg Engineering Co. v. Jones & Laughlin Steel Corporation*, 282 Pa.Super. 562, 424 A.2d 952 (1981); *Thomas M. Durkin & Sons, Inc. v. Nether Providence Township School Authority*, 291 Pa.Super. 402, 435 A.2d 1288 (1981). However, when a party to an action moves for a judgment n.o.v. and also for a new trial, and the new trial is granted, he is not denied an appeal from the refusal of the judgment n.o.v., which is given independent review. *Schroeder Brothers, Inc. v. Sabelli*, 156 Pa.Super. 267, 40 A.2d 170 (1944); *Corabi v. Curtis Publishing Co.*, 441 Pa. 432, 273 A.2d 899 (1971). Jurisdiction over Buck's appeal from the granting of a new trial is conferred by Pa.R.A.P. 311(a)(5), interlocutory appeals as of right. We therefore proceed to review the appeals of both parties from the same order.

■ Pennsylvania law allows a court to enter judgment n.o.v. only in the clearest of cases, after the court has reviewed all the evidence which supports the verdict winner and resolves all doubts in that party's favor. A judgment n.o.v. will be entered only in those cases where no two reasonable persons could fail to agree that the verdict is improper. *Atkins v. Urban Redevelopment Authority of Pittsburgh*, 489 Pa. 344, 414 A.2d 100 (1980); *O'Malley v. Peerless Petroleum, Inc.*, 283 Pa.Super. 272, 423 A.2d 1251 (1980); *Martin v. Soblotney*, 296 Pa.Super. 145, 442 A.2d 700 (1982); *McKnight v. City of Philadelphia*, 299 Pa.Super. 327, 445 A.2d 778 (1982). We must therefore review all the evidence to determine whether Buck proved or failed to prove any negligence on the part of the township that was causally related to the accident in issue.

Buck sustained severe injuries which left him a paraplegic at the age of twenty-one when his motorcycle collided with Gotch's automobile near the intersection of Locust and Carothers in Scott Township. Buck was travelling south on Carothers, a route which he did not usually take and with which he was unfamiliar. As Buck approached the Locust Street intersection, which intersects Carothers on the west

side of Carothers in a T-intersection, his view of the intersection was partially restricted by cars which were legally parked on the west side of the street up to approximately twenty feet from Locust Street. A stop sign which should have been posted on Locust Street was missing. Gotch, travelling east on Locust, nevertheless stopped at the intersection. She then proceeded slowly into the parking lane of Carothers when she saw Buck and brought her vehicle to another stop. Buck began braking when he saw Gotch, at approximately 150 to 180 feet from her car. R. 109a. At approximately 70 feet from her car he determined that he would suffer less harm if he laid his motorcycle on its side, to avoid a head-on collision in an upright position. When he put the motorcycle on its side, he lost control of it and skidded into Gotch. R. 100a–112a. Buck admits that the conduct of Gotch and the absence of the Locust Street stop sign did not cause the accident. He attributes the accident to the township's allegedly negligent failure to warn those on Carothers of the Locust Street intersection either by signs, traffic light, or painted cross-walk.

At trial it was adduced that Carothers was marked with signs indicating a twenty-five mile per hour speed limit, R. 67a–68a, and bus stop signs. R. 72a–73a. Buck testified that his speed was approximately twenty-five miles per hour. R. 105a–106a.

The township introduced evidence that one month before the accident Buck had received an estimate from Washington Pittsburgh Cycle which indicated that Buck's motorcycle required the replacement of left and right forkears (part of the steering mechanism) and a brake pedal. R. 125a–126a.

A traffic consultant who studied the scene of the accident testified that in his opinion safety requirements for an area with a twenty-five mile per hour speed limit required 100 feet visibility for traffic intersection, T. 236a, and that the Carothers-Locust intersection lacked indicia of an intersection due to the absence of signals, cross-walks, and street hardware. R. 242a–246a. The same traffic consultant tes-

tified that if Buck had been travelling at twenty-five miles per hour, and if he had begun to brake at a distance of 180 feet from Gotch as he testified, that Buck could have safely come to a complete stop without any skidding or collision. R. 275a.

■ We conclude that a judgment n.o.v. in the instant case was properly denied by the lower court. Taking all the evidence which supports Buck, and giving him the benefit of all reasonable inferences therefrom, there is no clear case absolutely absolving the township from negligence. The testimony of the traffic consultant raised factual issues concerning the township's duty of care toward motorists at this intersection which precludes the granting of judgment n.o.v.

The township also moved for a new trial on the basis of its motion for judgment n.o.v. and on the basis of errors in the court's charge. The motion for judgment n.o.v. included averments, *inter alia,* that Buck failed to prove that the township was negligent or that any negligence on the part of the township was the proximate cause of Buck's injuries, and that Buck himself was contributorily negligent as a matter of law. The lower court granted the motion for a new trial for these reasons.

■ On appeal Buck argues that the court erred in granting an unrestricted new trial because the opinion stated that a new trial was granted because "the verdict is against the weight of the evidence and such as would shock one's sense of justice." Opinion, at 7. Buck maintains that a new trial can be granted only on the basis of specific assignments of error, not boilerplate reasons, and that the grant of a new trial is therefore in violation of the law, citing *Carnicelli v. Bartram,* 289 Pa.Super. 424, 433 A.2d 878 (1981). The question for the court in *Carnicelli,* however, was this: "When a party makes only boilerplate assignments of error, may the Court *sua sponte* consider, as though within those assignments, specific assignments of error that might have been made but were not made?" at 289 Pa.Superior Ct. 429,

433 A.2d 880. *Carnicelli* held that an appellate court could not consider specific assignments of error that were not made. We do not find that *Carnicelli* governs the instant case. Here, Scott Township did not rely on boilerplate exceptions and in fact did assign specific errors, and the lower court responded in the township's favor. In appellate review, our focus is on assignments of error made by the parties, not general statements in the opinion of the lower court.

First, the court held that Buck failed to prove negligence on the part of the township on the basis of the traffic consultant's testimony, and that Buck's ignorance of the intersection did not prove that the township was causally responsible for the accident. Moreover, the lower court held that Buck's own testimony established his contributory negligence as a matter of law, in failing to have his vehicle under control and not being able to stop safely after seeing Gotch's vehicle. All of these points were raised in the township's post-trial motions, and *Carnicelli* is therefore not controlling.

The grant of a new trial is within the sound discretion of the trial judge and will not be reversed on appeal absent a showing of palpable abuse of discretion or error of law. *Commonwealth Department of Transportation v. Nemiroff,* 42 Pa.Commw. 478, 401 A.2d 10 (1979); *Carnicelli, supra.* A trial judge does not sit as a thirteenth juror, substituting his judgment for that of the jury, but it is his duty to review the entire record and if he concludes that a serious injustice has been done, he should grant a new trial. The Superior Court will reverse such a ruling only if it concludes, after reviewing all the evidence, that the trial court acted capriciously or abused its discretion. *Lamb v. Gibson,* 274 Pa.Super. 7, 417 A.2d 1224 (1980); *Bortner v. Gladfelter,* 302 Pa.Super. 492, 448 A.2d 1386 (1982). It is correct to grant a new trial when the verdict is so contrary to the evidence as to shock one's sense of justice, and a new trial is required to correct the situation. *Morgan v. Philadelphia Electric Co.,* 299 Pa.Super. 545,

445 A.2d 1263 (1982); *Peair v. Home Association of Enola Legion No. 751*, 287 Pa.Super. 400, 430 A.2d 665 (1981); *Yandric v. Radic*, 291 Pa.Super. 75, 435 A.2d 226 (1981).

Our review of the record leads us to conclude that the trial court did not act capriciously in deciding that the instant verdict shocked one's sense of justice, and that the trial court committed no error of law.

■ Buck's own witness, the traffic consultant, testified that he was unable to say that traffic signals were required at the intersection of Carothers and Locust in order to satisfy local warranties and/or the requirements of Penn-DOT. R. 263–4a. Although Buck testified that he was going at twenty-five miles per hour, the traffic consultant testified that someone on a motorcycle travelling at twenty-five miles per hour (the speed limit at the site) would be able to come to a complete stop without skidding in less than 180 feet, R. 275a; in fact such a person should be able to stop in approximately sixty feet. R. 276a. Two other witnesses testified that Buck was travelling at a speed well beyond the legal limit. One said that Buck was going at about forty to fifty miles per hour, R. 403, and that he did not have his vehicle under control, R. 404a; the other eyewitness put Buck's speed at fifty to sixty miles per hour. R. 430a. We find no abuse of discretion in the lower court's conclusion that the verdict was against the weight of the evidence and that a new trial, not restricted to the issue of damages, should be granted. We therefore do not reach Buck's claims of error relating to the award of damages.

Order affirmed.

HESTER, J., filed dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. My examination of the record has led me to conclude that the Motion of the Township for Judgment N.O.V. should have been granted. There was no proof that the conduct of the Township was causally responsible for the accident. The issue of the Township's negli-

gence should not have been submitted to the jury. I therefore am constrained to dissent.