539 A.2d 871

**Louis GIOVANETTI, Appellant,**

**v.**

**JOHNS–MANVILLE CORPORATION, Amatex Corporation, H.K. Porter Company, Southern Asbestos Company, Eagle-Pitcher Industries, Celotex Corporation, Owens–Corning Fiberglas, Inc., General Refractories Company, GAF Corporation, Unarco Industries, Inc., Fibreboard Corporation, Forty-Eight Insulations, Certainteed Corporation, Keene Corporation and Pacor Corporation.**

**Louis J. GIOVANETTI, Appellant,**

**v.**

**JOHNS–MANVILLE CORPORATION, Amatex Corporation, H.K. Porter Company, Southern Asbestos Company, Eagle-Pitcher Industries, Celotex Corporation, Owens–Corning Fiberglas, Inc., General Refractories Company, GAF Corporation, Unarco Industries, Inc., Fibreboard Corporation, Forty-Eight Insulations, Certainteed Corporation, Keene Corporation and Pacor Corporation.**

Superior Court of Pennsylvania.

Argued Jan. 20, 1988.
Filed March 31, 1988.

432

434

John W. Haigis, III, Philadelphia, for appellant.

John P. Kelly, Philadelphia, for appellees.

Before CIRILLO, President Judge, and McEWEN and MONTEMURO, JJ.

CIRILLO, President Judge:

This is an appeal from the Court of Common Pleas of Philadelphia County in which a jury relieved various corporations of liability to Louis Giovanetti for injuries allegedly resulting from his exposure to asbestos. We affirm.

Louis Giovanetti, a New Jersey resident, initiated this action in the Philadelphia Court of Common Pleas to recover for injuries allegedly sustained as a result of exposure to asbestos. The exposure allegedly occurred during his employment as a tinsmith and a welder in both New Jersey and Pennsylvania over the course of nearly thirty years.

Giovanetti named various manufacturers and distributors of the asbestos products as defendants. The trial was conducted in reverse bifurcated form, with the questions of damages and causation being determined before liability.

On the second day of trial, the defendants indicated for the first time that they were seeking the application of New Jersey law to the facts of the case. The court complied, and the jury was told to disregard any of counsel's opening arguments that were based on the application of Pennsylvania law. The jury determined that Giovanetti suffered no compensable injury as a result of his exposure to asbestos, thereby obviating the need to proceed to the second phase of the trial. Giovanetti filed for post-trial relief, which was denied. This appeal followed.

Giovanetti contends that he should be granted a new trial for the following reasons: (1) the inherently prejudicial effect of the court's application of New Jersey law at the appellee's behest when both parties had completed a portion of the trial with the tacit understanding that Pennsylvania law would apply; (2) the internally inconsistent nature of the jury's verdict, as evidenced by their answers to special interrogatories; and (3) the impropriety of the verdict as against the weight of the evidence.

Giovanetti first contends that he was prejudiced by the application of New Jersey law to the facts of his case. Although he does not suggest that the choice of New Jersey law was invalid, he maintains that Pennsylvania law should have been chosen in light of the tacit agreement among the parties that Pennsylvania law would apply. This agreement, according to Giovanetti, was evidenced by the fact that before the conflict of law issue was raised, twenty-three of the twenty-nine points for binding instruction submitted to the court by the appellees referred to Pennsylvania cases, and none referred to New Jersey law. Additionally, counsel for both parties based their opening statements on Pennsylvania law and Giovanetti had already presented his first witness, whose testimony was based on Pennsylvania law.

When faced with choice of law questions, Pennsylvania courts have abandoned the rule of *lex loci delicti* in favor of a less restrictive approach combining the methodologies of a "government interest analysis" and the "significant relationship" approach of the Restatement (Second) of Conflicts § 145 (1971). *See also Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964). The paramount consideration under this analysis is:

> the extent to which one state rather than another has demonstrated, by reason of its policies and their connection and relevance to the matter in dispute, a priority of interest in the application of its rule of law.

*McSwain v. McSwain*, 420 Pa. 86, 94, 215 A.2d 677, 682 (1966). Furthermore, in reviewing the relative interests of each jurisdiction in a cause of action, Pennsylvania courts will weigh their respective contacts qualitatively, rather than quantitatively. *See Cipolla v. Shaposka*, 439 Pa. 563, 267 A.2d 854 (1970).

In weighing the relative interests of Pennsylvania and New Jersey in this particular litigation, we conclude that New Jersey law is more appropriately applied. Because six of the appellee corporations are Pennsylvania-based, Pennsylvania can certainly be viewed as possessing a legitimate interest in ensuring that Pennsylvania companies do not manufacture or distribute hazardous products which cause injury. That interest, however, is clearly eclipsed by the numerous contacts between New Jersey and the present cause of action. Giovanetti, a resident of New Jersey, spent twenty-seven of his working years in New Jersey, as opposed to only two years working in Pennsylvania. Any relationship he had with the manufacturers and distributors of the asbestos products was centered in New Jersey. Considering the fact that asbestos-related disease is proportionally related to the extent and duration of exposure, it is not unreasonable to assume that any injury he may have suffered as a result of exposure to asbestos occurred primarily in New Jersey. Furthermore, all of the appellees were doing business in New Jersey at the time of his

alleged exposure. New Jersey, then, has a compelling interest in seeing that its citizens are compensated for injuries which occurred within its borders, allegedly as a result of the appellees' business there.

In light of the quality and number of contacts between New Jersey and Giovanetti's exposure to asbestos, it is clear that the trial court properly applied New Jersey law. In so holding, we reject Giovanetti's initial contention that either New Jersey or Pennsylvania law could have been applied under a *Griffith* analysis. Giovanetti further argues, however, that his case was prejudiced by the timing of the appellees' request. Specifically, he suggests that the defense's belated request that New Jersey law be applied confused the jury, hampered him in the presentation of his case, and prejudiced his right to recover.

■ Regardless of the theorized effect of the appellees' mid-trial request that New Jersey law should apply, Giovanetti's claim must fail for the simple reason that the application of New Jersey law to the facts of the case put him in no worse a position than he would have been in had Pennsylvania law been applied. In fact, an analysis of the respective laws of the two states reveals that Giovanetti actually benefits from the application of New Jersey law.

The primary difference between the laws of Pennsylvania and New Jersey with respect to the litigation of asbestos-related suits is fundamental. Pennsylvania treats all injuries arising from the same tortious conduct of a defendant as one cause of action subject to the standard limitations period. *See Cathcart v. Keene Industrial Insulations,* 324 Pa.Super. 123, 471 A.2d 493 (1984). Because of the constraints such an approach imposes on a plaintiff's ability to obtain compensation for foreseeable, but distant injuries arising from the same tortious conduct, Pennsylvania courts allow an injured plaintiff to produce expert testimony as to the possible future effects of that conduct. *See Schwegel v. Goldberg,* 209 Pa.Super. 280, 228 A.2d 405 (1967). Thus, if Pennsylvania law is applied, Giovanetti would be able to recover for any injuries he could presently prove as well as

for the increased risk of cancer. On the other hand, New Jersey recognizes cancer as an injury separate and distinct from asbestosis and considers the cause of action for such an injury to accrue only when the individual has discovered, or should have discovered, that he has cancer. *See, e.g., Herber v. Johns–Manville Corp.*, 785 F.2d 79 (3rd Cir.1986).

Thus, the application of New Jersey law can be viewed as actually benefiting Giovanetti rather than hindering his cause of action. Because the jury determined that he suffered no compensable present injury as a result of his exposure to asbestos, it is unlikely that they would have awarded him damages based on an increased risk of cancer under Pennsylvania law. This is especially true when Giovanetti himself testified that he was advised that the risk of cancer was "damn near none." Should that risk ever become realized, Giovanetti would be free to pursue a future action in his home state and would not be barred by either a statute of limitations period or *res judicata*, because New Jersey recognizes asbestosis and asbestos-related cancer as two distinct actions.

With respect to the "timing" issue, we find no merit in Giovanetti's claim that, in requesting that New Jersey law be applied, the appellees violated a tacit agreement that Pennsylvania law would apply. This agreement, as envisioned by Giovanetti, was based primarily on the defense's submission of points for binding instructions which cited Pennsylvania cases almost exclusively. Although the numerous and substantial contacts between New Jersey and the present litigation would lead us to believe that both parties should have recognized the possible application of New Jersey law to the case, we recognize that points for instruction are often submitted to the court in a prefabricated or "canned" form. Thus, although defense counsel committed some degree of error in submitting instructions based on Pennsylvania law, we are not prepared to find that they did so with the intent to mislead Giovanetti.

Furthermore, as a result of the jury's finding that Giovanetti suffered no compensable present injury as a

result of his asbestos exposure, it was unlikely that he could have proven a compensable risk of future injury under Pennsylvania law. Therefore, we fail to see how he was prejudiced by the adoption of New Jersey law after he had elicited testimony as to that risk, especially when New Jersey law permits a later suit if that risk becomes realized. As to Giovanetti's claim that the mid-trial shift in law unduly confused the jury, we are satisfied that the trial judge's exhaustive instructions that they should disregard only those arguments made pursuant to Pennsylvania law were sufficiently clear to safeguard against any possible prejudice. In light of the foregoing, we reject Giovanetti's claim that the application of New Jersey law was prejudicial to his cause of action.

Giovanetti next maintains that the jury's answers to the special interrogatories are inherently contradictory and are based upon some mistake or misapprehension on their part. At the close of the evidence in the first phase of the trial, the jury was charged and sent out to deliberate with special interrogatories. The first interrogatory asked, "Did Louis Giovanetti sustain personal injuries as a result of exposure to asbestos?" The jury responded affirmatively. The second question asked, "Was asbestos a substantial factor in causing the injuries alleged by Louis Giovanetti?" to which the jury responded, "no." Because of the allegedly contradictory answers, Giovanetti contends that the verdict should have been stricken and he should be granted a new trial.

Giovanetti's claim with respect to these two questions arises as a result of his mistaken interpretation that they ask the same thing. That is, he considers both questions to revolve around the same quantum of injury. A close examination of both questions reveals that the second question was specifically designed to encompass the broader range of alleged injuries, while the first question deals only with injuries actually sustained. The logical inference presented by these questions is that, although Giovanetti may have suffered some form of injury from his exposure to asbestos, that exposure may not have been the substantial cause of

the broader range of injuries for which he is seeking compensation. Thus, in order for us to entertain Giovanetti's interpretation of the two questions, we would first be forced to conclude that in phrasing the question, counsel intended to be redundant. On the other hand, if we were to accept that the second question was designed to introduce a relevant concept of causation independent of the existence of injury alone, both questions and answers could be seen to be consistent.

It is well established law in Pennsylvania that there is a presumption of consistency with respect to a jury's findings which can only be defeated when there is no reasonable theory to support the jury's verdict. *See Hornak v. Pittsburgh Ry. Co.*, 433 Pa. 169. 249 A.2d 312 (1969). As demonstrated, the two interrogatories are not only consistent, they also reflect a clarification of a fundamental question of causation. Furthermore, if Giovanetti had entertained any dispute as to the form or content of the questions, he has waived it by failing to object to the interrogatories at trial. *See Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974). Consequently, we dismiss Giovanetti's second claim as meritless.

Giovanetti's final contention is that the jury's verdict was against the weight of the evidence. In support of this claim, Giovanetti recounts the testimony of both medical experts who concluded that he had contracted pleural fibrosis as a result of the inhalation of asbestos fibers and, consequently, that he suffered from a greater risk of cancer. In light of this testimony, Giovanetti maintains that the jury should have concluded that his physical problems must also have been caused by asbestos.

In dealing with issues involving the weight of the evidence, Pennsylvania courts will not grant a new trial unless the verdict is so contrary to the evidence as to shock the court's sense of justice. *See Morgan v. Philadelphia Electric Co.*, 299 Pa.Super. 545, 445 A.2d 1263 (1982). The evidence presented by Giovanetti disclosed that he was

victim to a variety of significant medical problems, the most prominent of which was pleural thickening. He also complained of pain upon walking distances, the inability to lift heavy objects, and occasional sleeping trouble. The simple presence of pleural thickening, however, does not mandate a jury finding of compensable injury for an otherwise healthy plaintiff. *See Herber v. Johns–Manville*, 785 F.2d 79 (3d Cir.1986). In determining whether damages should be awarded, it was incumbent upon the jury to determine whether such symptoms as pleural thickening, in conjunction with Giovanetti's other complaints, constituted an injury substantially caused by exposure to asbestos.

At trial, the defense presented a significant amount of evidence suggesting that Giovanetti's medical complaints actually stemmed from sources other than asbestos. For example, evidence was presented that Giovanetti suffered from a previous heart condition, shoulder problems, exposure to coke dust, hernia, and ulcers. Apart from his claim of posterior chest pain, Giovanetti produced no evidence on the record linking these multiple conditions with asbestos. In fact, Giovanetti's own expert testified that, other than pain, Giovanetti exhibited no other symptoms of pleural disease. In response to this testimony, the defense presented a medical expert who testified that pleural thickening such as that exhibited by Giovanetti was not consistent with the pain he described. In light of the verdict reached, it is clear that the jury either believed the defense expert who denied a link to asbestos, or disbelieved Giovanetti's claim of chest pain. When the jury is faced with a contradiction in testimony, it is their duty to resolve the issue against one party and in favor of another, and a new trial should not be granted on a mere conflict in testimony. *See Baldino v. Castagna*, 505 Pa. 239, 478 A.2d 807 (1984). Accordingly, we reject Giovanetti's final issue on appeal.

Order affirmed.