588 A.2d 974

Jonathan BRUCE, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION; Commonwealth of Pennsylvania, Department of State Police; Londonderry Township; and Victor Reynolds, Roadmaster of Londonderry Township, Appellees. (Two Cases)

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 1990.

Decided Feb. 26, 1991.

Reargument Denied April 30, 1991.

188

Susan J. Craig, with her, Randy L. Sebastian and Margaret M. Truluck, MacElree, Harvey, Gallagher & Featherman, Ltd., West Chester, for appellant.

Joanna N. Reynolds, Asst. Counsel, Harrisburg, for appellees.

Before DOYLE and McGINLEY, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Jonathan Bruce (Bruce) appeals from orders of the Court of Common Pleas of Chester County which granted motions for summary judgment filed by the Department of State Police (State Police), Londonderry Township (Township), and Victor Reynolds, the Roadmaster of Londonderry Township (Roadmaster).

On September 20, 1985, Bruce was operating a motorcycle in a southerly direction on Hood Road, the pertinent portion of which is located in Londonderry Township. A stop sign, originally erected by the Department of Transportation in October 1950, controlled southbound traffic on Hood Road at the intersection with Route 926. This sign was missing on the day in question and Bruce entered this intersection without stopping. Bruce then collided with a vehicle proceeding in a westerly direction on Route 926.

Bruce filed a complaint in the Court of Common Pleas of Chester County against, *inter alia*, the State Police, the Township and the Roadmaster. On January 4, 1990, the Township and the Roadmaster filed a motion for summary judgment arguing that they had no duty to replace the missing stop sign and no responsibility for overgrown vegetation growing alongside the road at the intersection. On February 1, 1990 the State Police filed a motion for summary judgment asserting that it is immune from suit under Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522. On April 12, 1990, the common pleas court ordered that summary judgment be entered in favor of the Township and the

Roadmaster and on April 18, 1990, the common pleas court granted summary judgment in favor of the State Police. Bruce has filed appeals from both orders.

■ A motion for summary judgment may properly be granted when the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Prescott v. Philadelphia Housing Authority*, 124 Pa.Commonwealth Ct. 124, 555 A.2d 305 (1989). Our scope of review on appeal from the grant of a motion for summary judgment is limited to determining whether there has been an error of law or a manifest abuse of discretion. *Trenco, Inc. v. Department of Transportation*, 126 Pa.Commonwealth Ct. 501, 560 A.2d 285 (1989), *petition for allowance of appeal denied*, 525 Pa. 591, 575 A.2d 120 (1990).

## THE STATE POLICE

A plaintiff seeking to overcome the defense of sovereign immunity under Section 8522 of the Judicial Code must meet two distinct requirements. First, the plaintiff must show that he possesses a common law or statutory cause of action against a Commonwealth party, Section 8522(a), 42 Pa.C.S. § 8522(a), and second, he must demonstrate that the cause of action falls within one of the exceptions to sovereign immunity contained in Section 8522(b), 42 Pa.C.S. § 8522(b).

■ Bruce contends that Section 710 of The Administrative Code of 1929 (Code),[1] pertaining to the powers and duties of the State Police, provides a statutory basis for imposing liability upon the State Police. Section 710(d) obligates the State Police, "whenever possible, to cooperate with counties and municipalities in the detection of crime, the apprehension of criminals, and the preservation of law and order throughout the State." Section 710(g), in pertinent part, requires the State Police to "enforce the laws regulating the use of the highways of this Commonwealth."

1. Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 250.

Bruce argues that these Sections of the Code impose a duty on the State Police to report any damaged, missing or obscured traffic signs and that their failure to observe and report the missing stop sign on Hood Road to the proper authorities constitutes a breach of that duty.

Bruce additionally argues that under Sections 710(d) and (g) the State Police have a duty to prevent vandalism of roadway signs (Bruce alleged that the State Police were aware that such vandalism was occurring in this area) and their failure to act constitutes a breach of that duty.

■ We are unwilling to impose specific duties such as those suggested by Bruce on the State Police under the general grant of authority appearing in Sections 710(d) and (g), inasmuch as the exceptions to the general rule of immunity must be strictly construed and narrowly interpreted. *Gallagher v. Bureau of Correction,* 118 Pa.Commonwealth Ct. 516, 545 A.2d 981 (1988), *petition for allowance of appeal denied,* 520 Pa. 620, 554 A.2d 511 (1989).

■ We next consider whether Bruce has established a common law cause of action. In order to prove a common law cause of action grounded on negligence, Bruce must prove, inter alia, that the State Police as the alleged tort feasor had a duty toward the injured party. *See Buffalini by Buffalini v. Shrader,* 112 Pa.Commonwealth Ct. 228, 535 A.2d 684 (1987). Absent a legal duty owed to the injured party, no recovery can lie. *Sippos by Sippos v. Richards,* 116 Pa.Commonwealth Ct. 124, 541 A.2d 413 (1988), *petition for allowance of appeal denied,* 522 Pa. 621, 563 A.2d 889 (1989).

■ There is generally "no duty resting on a municipality or other governmental body to provide police protection to any particular person." *Thomas v. City of Philadelphia,* 133 Pa.Commonwealth Ct. 121, 574 A.2d 1205, 1206 (1990) (citing *Melendez v. City of Philadelphia,* 320 Pa.Superior Ct. 59, 64, 466 A.2d 1060, 1063 (1983)). A very narrow exception to this no-duty rule exists, but only where there are circumstances establishing a special relationship be-

tween the police and an individual, such as where the police have expressly promised to protect a specific individual from precise harm. *Thomas*. Bruce has not pled nor are there circumstances ascertainable from the record that would establish the existence of a special relationship between Bruce and the State Police entitling him to a higher level of protection than the general public.

Bruce also alleges that the State Police had a duty to report overgrown weeds, trees or shrubbery which created a hazard at any intersection. For purposes of this appeal, we accept as true the allegations that the intersection was obscured by overgrown weeds and vegetation and that the weeds and vegetation interfered with the vision of motorists approaching the intersection. But even reviewing the record in the light most favorable to Bruce as the non-moving party, giving him all reasonable inferences and resolving all doubts as to the existence of a genuine issue of material fact against the State Police, *Snyder v. Bristol Township*, 119 Pa.Commonwealth Ct. 201, 546 A.2d 1320 (1988), we hold, as a matter of law, that these facts would not create a duty on the part of the State Police to report the presence of weeds, trees or shrubbery which interfere with the line of sight of drivers approaching the intersection.

Having failed to establish a cause of action against the State Police either at common law or by statute, Bruce has failed the threshold test under Section 8522(a) and, accordingly, we hold that the common pleas court properly entered an order granting summary judgment in favor of the State Police.

## THE TOWNSHIP

In order to maintain an action in negligence against the Township, Bruce must demonstrate that a party without statutory immunity could be held liable for the same conduct and that the injury was caused by the negligent acts of the local agency or an employee thereof. Section 8542(a) of the Judicial Code, 42 Pa.C.S. § 8542(a). As in the case of a

Commonwealth agency, absent a legal duty owed to the injured party, no recovery can lie against a local governmental agency. *See O'Neill v. Batchelor Brothers, Inc. Funeral Homes*, 421 Pa. 413, 219 A.2d 682 (1966).

Bruce contends that the Township had a duty to mark, maintain and inspect roads within its boundaries and that it knew or should have known that the stop sign at the intersection of Hood Road and Route 926 was missing. Bruce alleges that the Township was negligent in failing to maintain traffic control devices at the intersection and in failing to replace the missing sign. Bruce further argues that the Township was negligent in failing to warn motorists of the existence of the intersection.

■ Bruce is unable to demonstrate a statutory cause of action under the allegations of this complaint. The authority given to a municipality to erect traffic control devices on roadways within its boundaries under Section 6122 of the Vehicle Code, 75 Pa.C.S. § 6122, is discretionary and there is no obligation on the part of the municipality to exercise this discretion. *Bendas v. Township of White Deer*, 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000 (1990). The Township, is, therefore, under no obligation to replace a stop sign *erected by the Department of Transportation* or to erect signs warning a motorist that he is approaching an intersection.

Bruce relies on *Buck v. Scott Township*, 325 Pa.Superior Ct. 148, 472 A.2d 691 (1984), to argue that a municipality may be held liable for its failure to warn a motorist that he is approaching an intersection. *Buck* does not support this proposition. In *Buck*, the plaintiff was injured in a two vehicle collision at an intersection. He brought suit against the township alleging that the accident was due to the township's negligent failure to erect or replace stop signs or traffic lights at the intersection. Following a jury verdict in favor of the plaintiff, the township moved for judgment n.o.v. and for a new trial. The lower court denied the motion for judgment n.o.v. but granted a new trial holding that the plaintiff, Buck, failed to prove negligence on the

part of the township on the basis of the testimony of the plaintiff's own traffic consultant; that Buck's ignorance of the intersection did not prove that the township was causally responsible for the accident; and, that Buck's own testimony established his contributory negligence as a matter of law in failing to have his vehicle under control and not being able to stop safely after seeing the other vehicle. The plaintiff and the township both appealed.  On appeal, the denial of judgment n.o.v. was upheld, but not because the testimony of the plaintiff's traffic consultant established liability on the part of the township as Bruce alleges. Rather, the testimony raised factual issues concerning the township's duty of care toward motorists at the intersection which precluded the granting of judgment n.o.v.  The Superior Court also held that there was no abuse of discretion in the lower court's conclusion that the verdict was against the weight of the evidence and hence that a new trial was properly granted.  To the extent that Bruce argues that this case establishes a common law duty to erect traffic control devices to warn motorists of the existence of an intersection, we decline to find such a holding.

■ We do find, even accepting as true the allegations that the Township checked on the stop sign several times a year and may have replaced it, and reviewing the record in the light most favorable to Bruce as the non-moving party and giving him all reasonable inferences and resolving all doubts as to the existence of a genuine issue of material fact against the Township, *See Keystone Chapter, Associated Builders and Contractors, Inc. v. Thornburgh*, 101 Pa.Commonwealth Ct. 533, 516 A.2d 852 (1986), that, as a matter of law, these facts would not create a duty on the part of the Township to maintain or replace the missing stop sign.[2]

■ Bruce also alleges that the Township was negligent in failing to maintain the intersection free from obstructions

**2.** Because of our holding that the Township had no duty to replace the stop sign, we do not reach the issue of whether the Township had constructive notice that the stop sign was missing.

to sight. He argues that the Township has a duty to clear and remove brush obscuring visibility at the intersection. No duty is imposed on the Township by Section 1178 of The Second Class Township Code,[3] 53 P.S. § 66178, which provides, in pertinent part:

> The supervisors *may* clear out brush and other refuse from along the sides of the road to the legal width thereof. All such clearing and removal of brush and refuse shall be confined to growth that is within the limits hereinabove described, and to the removal of branches that in any way interfere with public travel.... (Emphasis added.)

This Section merely gives the Township discretion to take the specified actions.

Neither does Section 6112(b) of the Vehicle Code, 75 Pa.C.S. § 6112(b), impose affirmative duties on the Township. This section provides:

> When the department or any local authority determines on the basis of an engineering and traffic investigation that a traffic hazard exists, it shall notify the owner and order the hazard removed within ten days.

There is no evidence in the record to demonstrate, nor has Bruce so alleged, that the Township has completed an engineering and traffic investigation which would obligate the Township to order the property owner to remove the obstruction.

▇▇▇ Accepting as true the allegations that vegetation interfered with the vision of motorists approaching the intersection and that the Township mowed the right-of-ways at the intersection three to four times a year, we hold, as a matter of law, that these facts would not create a duty on the part of the Township to keep the intersection clear of obstructions to sight which are on the property of others.

▇▇▇ We additionally note that Bruce argues for the first time on appeal here that the Township's motion for summary judgment was improperly granted because discovery

3. Act of May 1, 1933, P.L. 103, *as amended.*

was not completed. Bruce did not raise this issue in his answer to the Township's motion for summary judgment and this issue is therefore, waived. *See* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")

## THE ROADMASTER

Bruce alleges that the Roadmaster had a duty to care for and superintend roads and bridges within the Township, to keep such roads and bridges in repair and free from obstructions and to inspect all roads and bridges within the Township. He further alleges that the Roadmaster was negligent, *inter alia*, in failing to maintain and replace the stop sign and in failing to maintain the intersection free from obstructions to sight.

■ Section 516 of The Second Class Township Code, 53 P.S. § 65516, pertaining to the duties of roadmasters, does not impose a duty on the Roadmaster to take the actions specified in Bruce's complaint. That Section requires the roadmaster to keep roads and bridges in repair. Inspection or replacement of signs is not even mentioned in the statute. The statute also requires the roadmaster to keep the roadway reasonably free from all obstructions; it does not require the roadmaster to clear vegetation growing on the property of others along the sides of an intersection.

■ Finally, as an employee of the Township, the Roadmaster is entitled to official immunity under Section 8545 of the Judicial Code, 42 Pa.C.S. § 8545. Section 8545 provides as follows:

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency. . . .

Since we have held under the facts of this complaint that the Township had no duty in relation to the missing stop sign and the vegetation at the intersection, we must *a*

*fortiori* conclude that the Roadmaster is entitled to the corresponding protection of official immunity.[4]

Accordingly, based on the above discussion, we affirm the orders of the Court of Common Pleas of Chester County.

## ORDER

NOW, February 26, 1991, the orders of the Court of Common Pleas of Chester County in the above-captioned matters are affirmed.

4. Because of our holding that the Roadmaster had no duty to replace the missing sign or clear the vegetation at the intersection, we do not reach the issue of whether such alleged failure or refusal to act constitutes willful misconduct which would remove him from the shield of official immunity under Section 8550 of the Judicial Code, 42 Pa.C.S. § 8550.